IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABIEN BURGESS, | * | |
| Plaintiff | * | |
| v. | * | Civ. Action No. 15-cv-834 (RDB) |
| BALTIMORE POLICE DEPARTMENT, *et al*. | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **ANSWER**

Defendant Baltimore Police Department ("BPD") by and through its undersigned attorneys, respectfully answers, in accordance with Federal Rule of Civil Procedure 12, the allegations the Complaint filed by Plaintiff Sabien Burgess ("Plaintiff"). The numbered paragraphs below correspond to the paragraph numbers in the Complaint, and each paragraph responds only to the correspondingly numbered paragraph in the Complaint.

**1.** The allegations in Paragraph 1 are denied.

**2.** The BPD admits that Plaintiff was convicted of murder by a jury of his peers in a court of law. All other allegations in Paragraph 2 are denied.

**3.** The allegations in Paragraph 3 are denied.

**4.** The BPD admits that the Plaintiff was released from prison but denies that Plaintiff was innocent of the murder for which he was convicted or that he was released from prison because he was innocent. The remaining contents of Paragraph 4 state Plaintiff's purpose for filing the suit and the nature of relief sought, and therefore no answer is required. To the extent that an answer is required, the last sentence of Paragraph 4 is denied.

**5.** The allegation in Paragraph 5 calls for a legal conclusion, which need not be admitted or denied.

6. The allegation in Paragraph 6 calls for a legal conclusion, which need not be admitted or denied.

7. The BPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7. To the extent a response is required, the allegations are denied.

8. The BPD admits Defendants Gerald Alan Goldstein, William Ritz, Dale Weese, Richard Purtell, Steven Lehman, Robert Patton and Detective Neverdon were employed by the BPD. The remainder of the allegations contained in Paragraph 8 state conclusions of law. To the extent an affirmation or denial is required, the allegations are denied.

9. The BPD admits Defendant Daniel Van Gelder worked at the BPD Crime Laboratory and thus, was an employee of the BPD. The remaining allegations contained in Paragraph 9 state conclusions of law, and therefore, no answer is required. To the extent an affirmation or denial is required, the allegations are denied.

10. The BPD admits it is or was the employer of each of the Officer Defendants and Defendant Van Gelder. The BPD also states that BPD is an agency of the State of Maryland. The remainder of the allegations contained in Paragraph 10 state conclusions of law. To the extent an affirmation or denial is required, the allegations are denied

11. The BPD states that the BPD is an agency of the State of Maryland, and Defendants Mayor Stephanie Rawlings-Blake and City Council of Baltimore is a municipal corporation organized and existing under the laws of Maryland. The remaining of the allegations contained in Paragraph 11 state conclusions of law, which need not be admitted or denied. To the extent an affirmation or denial is required, the allegations are denied. Specifically, the BPD denies the blanketed allegation that the City of Baltimore and the BPD are always held responsible for the conduct of police officers employed by the BPD.

**12.**  The BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.  To the extent a response is required, the allegations are denied.

**13.**  The BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. To the extent a response is required, the allegations are denied.

**14.**  The BPD admits Ms. Dyson was shot and killed.  The remainder of the allegations are denied.

**15.**  The allegations in Paragraph 15 are denied.

**16.**  The allegations in Paragraph 16 are denied.

**17.**  The allegations in Paragraph 17 are denied.

**18.**  The BPD admits that certain BPD officers responded to Ms. Dyson's home the evening she was murdered. The BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 18 concerning the individual Defendants.  To the extent a response is required, the allegations are denied.

**19.**  The BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, which concern actions taken by one or more of the individual Defendants.  To the extent a response is required, the allegations are denied.

**20.**  The BPD admits that the Plaintiff's hand or hands were swabbed for gunshot residue at some point.  Otherwise, the BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 20 which relate to actions taken by one or more of the individual Defendants.  To the extent a response is required, the allegations are denied.

21. The allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The BPD cannot know the subjective state of mind of the victim's mother, nor does it have information about what the victim's mother did or did not do. Thus, the BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25. To the extent an affirmation or denial is required, the allegations are denied.

26. Plaintiff's allegation that particular information was "exculpatory information" is a conclusion of law, which need not be admitted or denied. To the extent a response is required, it is denied. The remaining allegations in Paragraph 26 are also denied.

27. The BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 27 are also denied.

28. The allegations in Paragraph 28 are denied.

29. The BPD admits Defendant Van Gelder completed a gunshot residue ("GSR") report. The BPD denies that Van Gelder's report was false. The BPD currently lacks information concerning the remaining allegations in Paragraph 29, and therefore those allegations are denied.

30. The allegations in Paragraph 30 are denied.

31. The BPD admits that Defendant Van Gelder testified as to results from the gunshot residue testing. Otherwise, the remaining allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. The allegations in Paragraph 33 are denied.

34. The BPD admits that Defendant Van Gelder would have conveyed his findings to the prosecutor. Otherwise, the allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35 are denied.

36. The BPD admits that Plaintiff was charged with murder. The BPD denies, however, that Defendant Van Gelder "fabricated" any of his findings. It also denies that the Plaintiff's conviction was "based on" Defendant Van Gelder's gunshot residue testing. The remaining allegations in Paragraph 36 are also denied.

37. The details of the events described in Paragraph 37 were the subject of a criminal trial involving Plaintiff, but the BPD lacks knowledge sufficient to form a belief as to the length of that trial. The remaining allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. The BPD lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore those allegations are denied. The BPD denies that Plaintiff was innocent of the murder.

40. The BPD denies that Charles Dorsey was the "real killer" of Michelle Dyson. The BPD does admit that Mr. Dorsey, a childhood friend of Plaintiff who was in prison with Plaintiff, wrote two letters claiming responsibility for Ms. Dyson's murder. Any remaining allegations in Paragraph 40 are denied.

41. The BPD admits that Mr. Ritz and another Baltimore City Police Detective interviewed Charles Dorsey and that Mr. Ritz's report noted that Charles Dorsey's confession lacked details that the real killer would know. Otherwise, the allegations in Paragraph 41 are denied.

**42.** The BPD denies that Mr. Ritz made a false statement and denies the allegations in Paragraph 42.

**43.** Paragraph 43 is denied.

**44.** Paragraph 44 is denied.

**45.** Paragraph 45 is denied.

**46.** Paragraph 46 is denied.

**47.** The BPD denies the implication in Paragraph 47 that Plaintiff was innocent of Ms. Dyson's murder. While the BPD lacks actual knowledge of Plaintiff's mental state or motivation, it admits that he filed multiple legal challenges in an effort to get out of prison. The remaining allegations in Paragraph 47 are denied.

**48.** The BPD admits to turning over its file, including notes, to Plaintiff's counsel during post-conviction proceedings. The BPD denies that the documents in the file – including the note in question – were withheld from the prosecution. The remaining allegations in Paragraph 48, including the description of the note which speaks for itself, are also denied.

**49.** The BPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 relating to the state of mind of Ms. Dyson's son. The contents of any documents written by Ms. Dyson's son speak for themselves and need not be admitted or denied. Moreover, the statement attributed to Ms. Dyson's son is not exculpatory of Plaintiff. To the extent any other response is required, the allegations in Paragraph 49 are denied.

**50.** The BPD lacks knowledge or information sufficient to form a belief as to particular steps taken by Plaintiff and his attorneys, although the BPD admits that the Plaintiff ultimately filed a Petition for Writ of Actual Innocence. The remaining allegations, if any, in Paragraph 50 are denied.

51. The BPD currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. The allegations in Paragraph 52 are admitted.

53. The allegations in Paragraph 53 are denied.

54. The allegations in Paragraph 54 are denied.

56. The allegations in Paragraph 56 are denied.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 are denied.

66. The allegations in Paragraph 66 are denied.

67. The BPD currently lacks knowledge as to the particular statement attributed to Edward Koch, and therefore that allegation is denied. The BPD denies the other allegations in Paragraph 67.

68. The allegations in Paragraph 68 are denied

69. The allegations in Paragraph 69 are denied.

70. The BD admits that GSR testing was done at district police stations until a certain point in time, and that two police stations had live firing ranges. The BPD currently lacks information to confirm or deny the precise date when this stopped. The BPD also denies that it

had any knowledge at the time of "the potential for contamination." The remaining allegations are denied.

**71.** The BPD currently lacks knowledge about the allegations in Paragraph 71 and therefore those allegations are denied.

**72.** The allegations in Paragraph 72 are denied.

**73.** The allegations in Paragraph 73 are denied. There was no misconduct in this case, and no failure to train, supervise or discipline BPD employees.

**74.** The allegations in Paragraph 74 are denied. There was no misconduct in this case, and no failure to train, supervise or discipline BPD employees.

**75.** The allegations in Paragraph 75 are denied. There was no misconduct in this case, and no failure to train, supervise or discipline BPD employees.

**76.** The allegations in Paragraph 76 are denied.

**77.** The allegations in Paragraph 77 are denied.

**78.** The allegations in Paragraph 78 are denied.

**79.** The allegations in Paragraph 79 are denied.

**80.** The allegations in Paragraph 80 are denied.

**81.** The allegations in Paragraph 81 are legal conclusions that need not be admitted or denied. To the extent a response is required, Paragraph 81 is denied.

**82.** The allegations in Paragraph 82 are denied.

**83.** The allegations in Paragraph 83 are denied.

**84.** The allegations in Paragraph 84 are denied.

**85.** The allegations in Paragraph 85 are denied.

**86.** The allegations in Paragraph 86 are denied.

**87.** The allegations in Paragraph 87 are denied.

**88.**  The BPD admits that the Plaintiff must adapt to life out of prison. Otherwise, the allegations in Paragraph 88 are denied.

**89.**  The allegations in Paragraph 89 are denied.

**90.**  The allegations in Paragraph 90 are denied.

**91.**  The allegations in Paragraph 91 are denied.

**92-117.**  Paragraphs 92 through 117 (Counts I through IV) state claims against Defendants other than the BPD and therefore the BPD is not required to admit or deny those allegations. To the extent a response required, the allegations are denied.

**118.**  Paragraph 118 procedurally incorporates allegations previously pled in Plaintiff's complaint. Thus, no admission or denial is required. To the extent a response required, the allegations are denied.

**119.**  The allegations in Paragraph 119 are denied.

**120.**  The allegations in Paragraph 120 are denied.

**121.**  The allegations in Paragraph 121 are denied.

**122.**  Paragraph 122 is denied. There was no misconduct by any Defendant, and there is no legal liability of the City Council and/or Mayor.

**123-149.**  The claims asserted in Counts VI through XI (Paragraphs 123-149) against the BPD were dismissed by the Court, and therefore no admission or denial is required. To the extent that a response is required, the allegations are denied.

**150.**  The BPD also denies each and every allegation asserted in the Complaint that is not expressly admitted in this Answer.

## Affirmative Defenses

The BPD also asserts the following affirmative defenses:

1.  The Complaint fails to state a claim for which relief may be granted.

2. The BPD has total and qualified immunity.

3. Probable cause existed for Plaintiff's arrest and trial, and all Defendants acted reasonably, in good faith, and without malice.

4. Plaintiff is barred by judicial estoppel, res judicata, and collateral estoppel from asserting his claims in light of his prior inconsistent statements and representations to the state court.

5. Plaintiff's prior inconsistent statements waived the claims he now asserts.

6. Plaintiff's claims are barred because he has unclean hands.

7. Plaintiff suffered no damages and/or failed to mitigate his damages.

8. The Defendants are not the proximate cause of any damages that occurred after Plaintiff became aware of the allegedly exculpatory evidence.

9. To the extent that Plaintiff was innocent of Ms. Dyson's murder, his damages were proximately caused by the individuals who committed the murder.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and the applicable statute of limitations.

Respectfully submitted,

_____/s/_____
Sharon A. Snyder, Federal Bar No. 06823
(443) 934-1620
Glen Allen, Federal Bar No. 0615
(410) 396-5713
Colin Glynn, Federal Bar No. 19049
(443) 683-2287
Baltimore City Law Department
100 N. Holliday St.
Baltimore, MD 21202
Sharon.Snyder@baltimorepolice.org
Glen.Allen@baltimorecity.gov
Colin.Glynn@baltimorepolice.org

*Attorneys for Defendant Baltimore Police Department*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15 day of March 2016, I served this Answer on the individuals listed below via the Electronic Court Filing System of the United States District Court for the District of Maryland:

> Gayle Horn, Esquire
> Arthur Loevy, Esquire
> Jon Loevy, Esquire
> Loevy & Loevy
> 312 North May Street, Suite 100
> Chicago, Illinois 60607

and

> Kelly Preteroti, Esquire
> Christopher Dahl, Esquire
> Ober, Kaler, Grimes & Shriver
> 100 Light Street
> Baltimore, Maryland 21202


_____/s/_____
Sharon A. Snyder