## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

SABEIN BURGESS,                          *

    Plaintiff,                       *

v.                                       *       Civil Action No.: RDB-15-0834

BALTIMORE                                *
POLICE DEPARTMENT *et al.*,
                                         *
    Defendants.


\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

### ANSWER OF DANIEL VAN GELDER TO
### THE COMPLAINT OF SABEIN BURGESS

Defendant, Daniel Van Gelder, by his undersigned attorneys and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files this Answer to the Complaint filed against him by Sabein Burgess.

1.　　Mr. Van Gelder admits that the Plaintiff spent 19 years in prison. Mr. Van Gelder denies the balance of the allegations of Paragraph 1.

2.　　Denied.

3.　　Denied.

4.　　Mr. Van Gelder admits that the Plaintiff was released from prison, but denies the balance of the allegations of Paragraph 4.

5.　　Mr. Van Gelder admits that this action has been brought pursuant to 42 U.S.C. § 1983. Mr. Van Gelder denies the balance of the allegations of Paragraph 5 and specifically denies that the Plaintiff is entitled to the relief that he seeks.

3064170.3

6.      The first two sentences of Paragraph 6 concern jurisdiction and venue, and no response is required. Mr. Van Gelder admits that the events giving rise to the Plaintiff's Complaint are alleged to have occurred in this judicial district.

7.      Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.      Mr. Van Gelder admits that the persons named in the first sentence of Paragraph 8 were, at one time, police officers in the Baltimore City Police Department. Mr. Van Gelder denies, however, that all of the persons named in the first sentence were police officers "[a]t all times relevant hereto." The second sentence of Paragraph 8 states a legal conclusion to which no response is required. However, to the extent that this Court requires a response, the second sentence of Paragraph 8 is denied.

9.      Mr. Van Gelder admits that he at one time worked in the Baltimore Police Department Crime Laboratory and was employed by the Baltimore City Police Department, but denies that he was so employed "[a]t all times relevant thereto." The second sentence of Paragraph 9 states a legal conclusion to which no response is required. However, to the extent that this Court requires a response, the second sentence of Paragraph 9 is denied.

10.     Mr. Van Gelder admits the allegations stated in the first sentence of Paragraph 10. The second sentence of Paragraph 10 states a legal conclusion to which no response is required. However, to the extent that this Court requires a response, the second sentence of Paragraph 10 is denied.

11.     Paragraph 11 states a legal conclusion to which no response is required. However, to the extent that this Court requires a response, Paragraph 11 is denied.

12.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Paragraph 18, through its use of the collective noun "the Officer Defendants," is too vague and ambiguous for Mr. Van Gelder to frame an adequate response. Mr. Van Gelder admits that one or more of the Officer Defendants responded to the scene as alleged. The balance of the allegations of Paragraph 18 are denied.

19.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.     Paragraph 20, through its use of the collective noun "the Officer Defendants," is too vague and ambiguous for Mr. Van Gelder to frame an adequate response. Mr. Van Gelder admits that the Plaintiff's hands were examined for gunshot residue. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 20.

21.     Paragraph 21, through its use of the collective noun "the Officer Defendants," is too vague and ambiguous for Mr. Van Gelder to frame an adequate response. Mr. Van Gelder admits the Plaintiff was questioned at the police station. Mr. Van Gelder denies the balance of the allegations of Paragraph 21.

22.     Paragraph 22, through its use of the collective noun "the Officer Defendants," is too vague and ambiguous for Mr. Van Gelder to frame an adequate response. Answering further, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Paragraph 23, through its use of the collective noun "the Officer Defendants," is too vague and ambiguous for Mr. Van Gelder to frame an adequate response. Answering further, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Denied.

25.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     Denied.

27.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 27. Mr. Van Gelder denies the allegations set forth in the second sentence of Paragraph 27.

28.     Denied.

29.     Mr. Van Gelder admits the allegations set forth in the first sentence of Paragraph 29. Mr. Van Gelder denies the allegations set forth in the second sentence of Paragraph 29.

30.     Mr. Van Gelder admits that he reported that the GSR samples were taken from the Plaintiff's hands, according to protocol. Mr. Van Gelder denies the balance of the allegations of Paragraph 30.

31.     Denied.

32.     Denied.

33.      Mr. Van Gelder admits that he mailed his findings to Defendant Goldstein. Mr. Van Gelder denies the balance of the allegations of Paragraph 33.

34.      Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegation that he told the prosecutor about his findings. Mr. Van Gelder denies the balance of the allegations of Paragraph 34.

35.      Denied

36.      Denied.

37.      Mr. Van Gelder admits that the trial lasted two days and Mr. Plaintiff was found guilty. Mr. Van Gelder denies that his GSR findings were fabricated.  Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 37.

38.      Mr. Van Gelder admits that the GSR evidence was presented at trial, but denies the balance of the allegations of Paragraph 38.

39.      Mr. Van Gelder admits that the Plaintiff was sentenced to life in prison. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 39.

40.      Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.      Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.      Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     Denied.

45.     Paragraph 45, through its use of the collective noun "the Officer Defendants," is too vague and ambiguous for Mr. Van Gelder to frame an adequate response. Answering further, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46.     Denied.

47.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

48.     Mr. Van Gelder admits that the Mid-Atlantic Innocence Project eventually began representing the Plaintiff. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 48.

49.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     Mr. Van Gelder admits that the Plaintiff filed a Petition for Writ of Actual Innocence, but denies the balance of the allegations of Paragraph 50.

51.     Mr. Goldstein admits that on February 21, 2014, the State agreed to vacate Plaintiff's conviction and subsequently entered a *nolle prosequi*. Whether this constitutes a "dismiss[al]" is a legal conclusion to which no response is required. To the extent that a response is required, denied.

52.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

54.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder denies the allegations set forth in the first sentence of Paragraph 54. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 54.

55.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55.

56.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

57.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

58.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58.

59.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59.

60.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60.

61.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

62.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

63.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

64.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

65.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

66.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

67.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67.

68.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

69.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

70.    The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70.

71.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71.

72.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72.

73.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

74.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

75.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

76.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

77.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

78.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

79.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

80.     The allegations of this paragraph relate solely to Count V of this Complaint, which the Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

81.     The allegations of this paragraph relate solely to the Plaintiff's claims against the Mayor and City Council of Baltimore, which the Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.     The allegations of this paragraph relate solely to the Plaintiff's claims against the Mayor and City Council of Baltimore, which the Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is

without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82.

83.     The allegations of this paragraph relate solely to the Plaintiff's claims against the Mayor and City Council of Baltimore, which the Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.     The allegations of this paragraph relate solely to the Plaintiff's claims against the Mayor and City Council of Baltimore, which the Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85.     The allegations of this paragraph relate solely to the Plaintiff's claims against the Mayor and City Council of Baltimore, which the Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

86.     The allegations of this paragraph relate solely to the Plaintiff's claims against the Mayor and City Council of Baltimore, which the Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

87.     Mr. Van Gelder admits that the Plaintiff spent nearly 20 years in prison, but denies the balance of the allegations of the first sentence of Paragraph 87. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to whether the Plaintiff loved Ms. Dyson.

88.     Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89.     Mr. Van Gelder denies that the Plaintiff's incarceration was wrongful. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 89.

90.     Mr. Van Gelder denies that the Plaintiff's incarceration was wrongful. Mr. Van Gelder is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 90.

91.     Denied.

92.     Mr. Van Gelder incorporates his responses to Paragraphs 1 to 91 by reference.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Mr. Van Gelder incorporates his responses to Paragraphs 1 to 99 by reference.

101.    Denied.

102.    Mr. Van Gelder admits that, on February 21, 2014, the criminal proceedings terminated by *nolle prosequi*. Whether this termination constitutes a "terminat[ion] in Plaintiff's favor" is a legal conclusion to which no response is required. To the extent that a response is required, Mr. Van Gelder denies the balance of the allegations of Paragraph 102.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Mr. Van Gelder incorporates his responses to Paragraphs 1 to 106 by reference.

108.    Denied.

109.    Denied.

110.    Denied.

111 to 117.    The allegations of Paragraphs 111 to 117 relate to Count IV of the Plaintiff's Complaint, which this Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

118 to 122.    The allegations of Paragraphs 118 to 122 relate to Count V of the Plaintiff's Complaint, which this Court dismissed in favor of the individual defendants on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

123.    Mr. Van Gelder incorporates his responses to Paragraphs 1 to 122 by reference.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Mr. Van Gelder admits that, on February 21, 2014, the Plaintiff's conviction was vacated and the criminal proceedings then terminated by *nolle prosequi*. Whether this termination constitutes a "terminat[ion] in Plaintiff's favor" is a legal conclusion to which no

response is required. To the extent that this Court requires a response, the balance of Paragraph 129 is denied.

130.    Denied.

131.    Mr. Van Gelder incorporates his responses to Paragraphs 1 to 130 by reference.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138 to 142.    The allegations of Paragraphs 138 to 142 relate to Count IX of the Plaintiff's Complaint, which this Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

143.    Mr. Van Gelder incorporates his responses to Paragraphs 1 to 142 by reference.

144.    Denied.

145.    Denied.

146.    Denied.

147 to 149.    The allegations of Paragraphs 147 to 149 relate to Count XI of the Plaintiff's Complaint, which this Court dismissed on March 1, 2016, and, therefore, no response is required. To the extent that a response is required, denied.

150.    All allegations not specifically addressed in the preceding paragraphs are hereby denied.

## **AFFIRMATIVE DEFENSES**

1.      The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      The arrest, prosecution, and imprisonment of the Plaintiff were lawful.

3.      Messrs. Goldstein, Ritz, Weese, Purtell, Lehman, Patton, and/or Neverdon (hereinafter the "Officer Defendants") had probable cause to arrest the Plaintiff and to participate in his being charged, tried, and convicted.

4.      The Officer Defendants and Defendant Van Gelder did not act with malice.

5.      The Officer Defendants and Defendant Van Gelder acted reasonably under the circumstances and in good faith.

6.      The actions of the Officer Defendants and Defendant Van Gelder were privileged because they were performing lawful duties as members or employees of the Baltimore City Police Department and are entitled to and claim all common law, statutory, and qualified immunities.

7.      To the extent that the Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in his Complaint, the injuries were proximately caused by the Plaintiff's own illegal conduct or by the conduct of other persons or parties for which the Officer Defendants and/or Defendant Van Gelder were not and are not responsible or liable.

8.      The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and by the doctrines of laches.

9.      The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

10.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

11.      The Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence.

12.      The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

13.      The Plaintiff's claims are barred, in whole or in part, by the doctrines of governmental immunity and qualified immunity.

14.      The Plaintiff's claims are barred, in whole or in part, by judicial estoppel.

15.      The Plaintiff failed to mitigate his alleged damages.

16.      The Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, res judicata and collateral estoppel.

17.      The Plaintiff's claims are barred, in whole or in part, by the doctrine of illegality.

18.      The Plaintiff's claims are barred by his failure reasonably to investigate his own defense.

19.      The Plaintiff's claims are barred because the Plaintiff failed to give adequate, timely, and sufficient notice of his claims alleged in his Complaint as required by Md. Code Ann., Cts. & Jud. Proc. § 5-304.

Respectfully submitted,


_____/s/_____

Neil E. Duke, Trial Bar No. 14073
neduke@ober.com
Kelly M. Preteroti, Trial Bar No. 28231
kmpreteroti@ober.com
Christopher C. Dahl, Trial Bar No. 29649
ccdahl@ober.com
Ober, Kaler, Grimes & Shriver
A Professional Corporation
100 Light Street
Baltimore, Maryland 21202
Tel:  410-347-7398
Fax:  443-263-7598

*Attorneys for Defendants, Gerald Alan Goldstein, William Ritz, Daniel Van Gelder, Dale Weese, Richard Purtell, Steven Lehmann, Robert Patton, and David Neverdon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2016, a copy of the foregoing Answer to Complaint was served on all counsel of record via the Court's CM/ECF filing system.


_____/s/_____

Neil E. Duke

18