IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SABEIN BURGESS,

     Plaintiff,

       v.

BALTIMORE POLICE DEPARTMENT,
*et al.*,

     Defendants.

Civil Action No. RDB-15-0834

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This action arises from the investigation, conviction, and subsequent imprisonment of Plaintiff Sabein Burgess ("Plaintiff" or "Burgess") for the 1994 murder of his girlfriend, Michelle Dyson ("Ms. Dyson" or the "Victim"). After nearly twenty years in Maryland state prison, Burgess was released on February 21, 2014. Compl. ¶ 51, ECF No. 1. Burgess now brings this action against Defendants Baltimore Police Department ("BPD"), Detective Gerald Alan Goldstein, Detective William Ritz, Officer Dale Weese, Officer Richard Purtell, Detective/Sergeant Steven Lehman, Detective Robert Patton, Detective Neverdon (collectively, the "Officer Defendants"), Daniel Van Gelder ("Van Gelder"), a crime laboratory analyst at BPD, and "Unknown Employees of the Baltimore Police Department," alleging various violations of his constitutional rights and state law.[1] Burgess claims that Defendants' illegal actions led to his wrongful imprisonment for the murder of Ms. Dyson.

---

[1] Burgess also named the Mayor and City Council of Baltimore as a defendant in this action. On March 1, 2016, this Court dismissed all claims against the Mayor and City Council of Baltimore. *See* Order, ECF No. 56.

On March 1, 2016, this Court granted in part and denied in part the Officer Defendants and Van Gelder's Motion to Dismiss (ECF No. 35), granted in part and denied in part Defendant BPD's Motion to Dismiss (ECF No. 36), and dismissed with prejudice all claims against former Defendant Mayor and City Council of Baltimore. *See* Order; *see also* Mem. Op., ECF No. 55. Of particular relevance to this Memorandum Order, only Count V, a claim for *Monell* liability[2] under 42 U.S.C. § 1983, remains pending against the Baltimore Police Department.

Following this Court's rulings, BPD filed the pending Motion to Bifurcate and Stay Discovery (ECF No. 58). BPD argues that, before BPD's *Monell* liability may be determined, a factfinder must first ascertain if the Officer Defendants and/or Van Gelder violated Plaintiff's constitutional rights. Given the derivative nature of BPD's potential liability, bifurcation would conserve judicial resources and encourage efficient litigation. This Court held a telephone conference with all parties on March 23, 2016 to discuss the pending Motion to Bifurcate. Plaintiff does not oppose the Motion to Bifurcate. For the reasons that follow, Defendant BPD's Motion to Bifurcate and Stay Discovery (ECF No. 58) is GRANTED.

## BIFURCATION OF DISCOVERY AND TRIAL

Under 42 U.S.C. § 1983, a municipality or employer cannot be held vicariously liable based solely on an agency relationship. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). Accordingly, the BPD cannot be found liable unless the Plaintiff first prevails on his Section 1983 claims against the Officer Defendants and Van Gelder. In this

---

[2] *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978).

regard, the BPD contends that a bifurcation will "decrease the risk of prolonged and burdensome litigation, conserve judicial resources, more effectively test the sufficiency of the Plaintiff's claims, and protect against the possibility of prejudice against BPD and the other defendants." Def.'s Mot. to Bifurcate at 2.

Federal Rule of Civil Procedure 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable. *See, e.g.*, *Brown v. Tshamba*, 2012 WL 1657157, Civ. A. No. RDB-11-0609 (D. Md. May 9, 2012); *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755, 762 (D. Md. 2006); *Robertson v. Prince George's County*, 215 F, Supp. 2d 664, 665 (D. Md. 2002); *Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-20 (D. Md. 1991).

As previously mentioned, the Plaintiff does not oppose bifurcation in this case. Bifurcation is appropriate and will serve the interests of efficiency and judicial economy. Accordingly, the discovery and trial phases in this case will be bifurcated under Rule 42(b) such that the Plaintiff's claims against the Officer Defendants and Van Gelder will be resolved in a first trial, and all of the claims against the BPD will be resolved in a second trial, if necessary.

<u>CONCLUSION</u>

For the foregoing reasons, it is this 23rd day of March, 2016, HEREBY ORDERED that:

1.  Defendant Baltimore Police Department's Motion to Bifurcate and Stay Discovery (ECF No. 58) is GRANTED; and

2.  The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

/s/_____
Richard D. Bennett
United States District Judge