IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SABEIN BURGESS, | * |
| Plaintiff | * |
| v. | *    Civil Action No.: RDB-15-0834 |
| Individual Defendants | * |
| Detective Gerald Alan Goldstein, et al., | |
| | * |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT BALTIMORE POLICE DEPARTMENT'S ANSWERS TO PLAINTIFF'S FIRST AND SECOND SETS OF INTERROGATORIES

Defendant Baltimore Police Department (BPD) hereby responds to Plaintiff's first and second sets of interrogatories.

GENERAL OBJECTIONS AND STATEMENTS

1. The BPD objects to these interrogatories to the extent that they seek to impose obligations that are beyond the scope permitted by the rules of this Court and the Federal Rules of Civil Procedure.

2. All responses are based upon the best information currently available, and the BPD reserves its right to supplement this response as discovery proceeds and as new information comes to light.

3. The BPD objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege.

4. The BPD objects to these interrogatories to the extent they seek information not within its possession, custody, or control.

EXHIBIT 1

5. The BPD's failure to object to the interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

6. The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or individual named as a potential defendant in any proposed complaint in this case. Because they are or may be individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**INTERROGATORY #1 (1-2):** Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial. For every Person associated, employed, or acting as an agent of the Baltimore Police Department who participated in any way in the Dyson homicide investigation, please provide the dates of the Person's involvement in the investigation and describe the investigative tasks and/or other duties that he or she performed.

If you answer this Interrogatory by referring to Documents for any Person, please affirm under oath that the sum total of your knowledge of that Person's participation in the Dyson homicide investigation is contained in the Documents that you reference.

**Objection:** The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they

2

are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

The BPD also objects to the form of this interrogatory because it seeks information related to two discrete themes, *see Mezu v. Morgan State University*, 269 F.R.D. 565, 572–73 (D.Md.2010) (quoting 8A Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 2168.1 at 261 (2d ed.1994)). The interrogatory seeks both the identification of persons with personal knowledge as well as personnel and investigative records and information about persons involved in the Dyson homicide investigation. The BPD therefore considers this interrogatory as having two discrete sub parts for purposes of Federal Rule of Civil Procedure 33(a)(1).

The BPD also objects to this interrogatory to the extent it seeks information protected by the attorney client privilege or the work product doctrine.

**Answer:** Without waiving the above objections, the BPD states as follows:

Pursuant to Rule 33(d), BPD directs the Plaintiff to any and all individuals identified in the following documents it has produced pursuant to Rule 34: BPD's homicide division investigative file for the homicide of Michelle Dyson, BPD002354-BPD.002683. BPD states that any individual identified in the above referenced documents, any documents produced by any other party, any deposition taken in this case, the Complaint, Plaintiff's proposed First Amended Complaint, any document referred to in the Complaint or proposed First Amended Complaint, any additional document produced by the BPD pursuant to Rule 34, and/or any document filed as an exhibit to any motion or responsive pleading filed by the BPD in this action may have knowledge of the facts and circumstances alleged in the Complaint and the Defenses

3

thereto. The BPD further adopts the list of persons identified in the other Defendants' responses to Interrogatories, Answer No. 1.

The BPD additionally states as follows:

John Boyd's contact information is PO Box 276, Riderwood, MD 21139, 410-812-5894

John Skinner's contact information is jskinner@towson.edu, 410-704-2927

Dean Palmere may be contacted through counsel for the BPD

The BPD does not have personal knowledge of the specific investigative tasks conducted by the individuals involved in the Dyson homicide investigation. Pursuant to Rule 33(d), the BPD directs the Plaintiff to the homicide file BPD002354-002683.

**INTERROGATORY #2 (3)**: For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**Answer:** The BPD is not currently aware of any documents fitting this description.

**INTERROGATORY #3 (4):** Under oath, please identify all Complaints that have ever been made against any of the Individual Defendants relating to their roles as law enforcement officials (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or interdepartmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous

4

methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection with each Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**Objection:** The BPD objects to this interrogatory in that it requests personnel records and information that is not disclosable per the various rulings of Judge Richard Bennett on this subject.

**INTERROGATORY #4 (5):** Please state whether any of your employees or agents (including your counsel) had any Communication regarding Plaintiff or any of the events described in Plaintiff's Complaint with any of the Individual Defendants, any other law enforcement agency, any Person in the Office of the State's Attorney for Baltimore City, any person in any U.S. Attorney's Office, or any witness to the events described in Plaintiff's Complaint, including but not limited to any Communication relating to taking or recording any witness statements. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; and (c) provide the date of the Communication. If you answer this Interrogatory by referring to

5

Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**Objection:** The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

The BPD also objects to the extent this request seeks information about communications protected by the attorney client privilege or work product doctrine.

**Answer:** Subject to the above objections, the BPD is aware that BPD employees Victor Meinhardt and James Wagster may have had communications regarding evidence collection in the Dyson homicide investigation with the individual defendants and with members of the Baltimore City State's Attorney's Office, but the BPD is not aware of the content, date or persons present during those communications, if they took place.

**INTERROGATORY #5 (6-7)**: Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move in limine to bar any references to convictions not identified in the manner requested.

**Objection:** The BPD objects to the form of this interrogatory because it seeks information related to two discrete themes, *see Mezu v. Morgan State University*, 269 F.R.D.

6

565, 572–73 (D.Md.2010) (*quoting* 8A Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 2168.1 at 261 (2d ed.1994)). The interrogatory seeks both the identification of criminal records of witnesses and additionally seeks via contention interrogatory an answer to a legal question. The BPD therefore considers this interrogatory as having two discrete sub parts for purposes of Federal Rule of Civil Procedure 33(a)(1).

The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**Answer:** The BPD is not a custodian of criminal conviction records. The BPD is therefore not in first-hand possession of any responsive information. On information and belief, the BPD states that it is aware that Sabein Burgess was convicted in 1994 of the murder of Michelle Dyson. On information and belief, the BPD states that it is aware that Brian Rainey may be the same Brian Rainey who was previously convicted in 2007 for possessing with intent to distribute a controlled dangerous substance, convicted in 2009 of unlawful possession of a controlled and dangerous substance, and convicted in 2010 of being a felon in possession of a firearm and having a handgun in a vehicle

Because Sabein Burgess's conviction was later overturned following post conviction appeal, the BPD does not expect that it would be admissible under Rule 609. Because all of the convictions of Brian Rainey were punishable by imprisonment for more than one year and less than ten years has passed since he was released from confinement in any of those cases, they would all be admissible under Rule 609.

**INTERROGATORY #6 (8)**: Is it your position that Sabein Burgess committed the murder of Michelle Dyson or any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please describe each alleged illegal act that you contend was committed by Sabein Burgess and provide the complete factual basis for your contention.

**Objection:** The BPD objects to this interrogatory because the question it asks – whether Sabein Burgess committed a crime, including the murder of Michelle Dyson – is not at issue in this case and the interrogatory is therefore not relevant and not an appropriate subject of discovery under Federal Rule of Civil Procedure 26(b).

**INTERROGATORY #7 (9)**: Did any employee, agent, police officer, forensics specialist, criminologist, or member of the Baltimore Police Department, including but not limited to any of the Individual Defendants named in Plaintiff's Complaint, withhold from Sabein Burgess any Exculpatory Evidence prior to the conclusion of his post-conviction proceedings on February 21, 2014? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**Objection**: The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

8

**Answer:** The BPD has no personal knowledge of the withholding of any Exculpatory Evidence from Sabein Burgess by any of its employee(s), agent(s), police officer(s), forensics specialist(s), criminologist(s), or other member(s).

(what follows are answers to Plaintiff's Second set of Interrogatories)

**INTERROGATORY #1 (10):** Please identify by Bates number each document that you contend was part of the Baltimore Police Department's investigative file regarding the murder of Michelle Dyson. For each such document, please identify the date on which that document became part of the Baltimore Police Department's investigative file.

**Answer:** Documents numbered BPD.2354 to 2683 and all duplicates thereof are all contained in the BPD Homicide Division's file on the investigation into the murder of Michelle Dyson. The BPD does not have personal knowledge as to when any of those documents were placed in the file.

**INTERROGATORY #2 (11):** Do you contend that any documents from the Baltimore Police Department's investigative file regarding the murder of Michelle Dyson were disclosed to state prosecutors, to Mr. Burgess, or to Mr. Burgess's criminal defense attorneys? If your answer to this question is anything but an unqualified "no," please identify by Bates number each document that was disclosed, the identity of the Baltimore Police Department employee who disclosed that document, the identity of each person to whom that document was disclosed, the date(s) on which it was disclosed, and all facts supporting your contention that such a disclosure took place, including any witness who can testify about the disclosure.

9

**Objection:** The BPD objects to this request to the extent it seeks evidence regarding the BPD's policies and practices, such discovery being precluded by the court's standing order of bifurcation.

The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**Answer:** Without waiving the aforementioned objection, the BPD states that it does contend that the contents of the investigative file, as it then existed, were disclosed to prosecutors. The BPD has no personal knowledge of when or by whom such disclosure was made.

**INTERROGATORY #3 (12)**: Do you contend that any employee of the Baltimore Police Department ever disclosed to state prosecutors, to Mr. Burgess, or to Mr. Burgess's criminal defense attorneys that Brian Rainey was awake and a witness to the murder of his mother, Michelle Dyson? If your answer to this question is anything but an unqualified "no," please identify each employee of the Baltimore Police Department who made such a disclosure, the identity of each person to whom such a disclosure was made, the date(s) on which the disclosure occurred, and all facts supporting your contention that such a disclosure took place, including any witness who can testify about the disclosure.

**Objection:** The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**Answer:** The BPD has no personal knowledge of whether such a disclosure occurred.

**INTERROGATORY #4 (13):** Do you contend that any employee of the Baltimore Police Department ever disclosed to state prosecutors, to Mr. Burgess, or to Mr. Burgess's criminal defense attorneys that Howard Rice or Charles Dorsey was responsible for or was a suspect in the murder of Michelle Dyson? If your answer to this question is anything but an unqualified "no," please identify each employee of the Baltimore Police Department who made such a disclosure, the identity of each person to whom such a disclosure was made, the date(s) on which the disclosure occurred, and all facts supporting your contention that such a disclosure took place, including any witness who can testify about the disclosure.

**Objection:** The BPD objects to this interrogatory to the extent it presumes that Mr. Rice or Mr. Dorsey were responsible for or considered suspects in the murder of Michelle Dyson. The BPD does not accept this assumption nor is it supported by the evidence thus discovered.

The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant or potential defendant in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**Answer:** The BPD has no personal knowledge of whether such a disclosure occurred. Pursuant to Rule 33(d), BPD directs the Plaintiff to any and all documents it has produced pursuant to Rule 34, in particular the BPD's homicide division investigative file for the homicide of Michelle Dyson.

11

## AFFIRMATION

I HEREBY DECLARE that I am duly authorized so as to make this affirmation and verification and respond on behalf of the Baltimore Police Department. I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief. All answers set forth herein have been obtained through the Baltimore Police Department's agents, servants and/or employees, both current and former, and its business records.

12/8/2016

Date                                                                                      [name]

## ATTORNEY'S STATEMENT

Pursuant to Rule 33(b)(5), I hereby state that I am the attorney that has made the objections in the BPD's Answers to Interrogatories and my signature below indicates my compliance with Rule 33(b)(5).

Date:   12/8/2016

Respectfully submitted,

_____/s/_____
Colin P. Glynn, Bar No. 23731
(443) 683-2287
Office of Legal Affairs
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
colin.glynn@baltimorepolice.org
*Attorneys for Defendant*

## CERTIFICATE FOR SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2016, a true and correct copy of the foregoing was served via email transmission on all counsel of record:

_____/s/_____
Colin P. Glynn