IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABEIN BURGESS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: RDB-15-0834 |
| Individual Defendants | * | |
| Detective Gerald Alan Goldstein, et al., | | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT BALTIMORE POLICE DEPARTMENT'S ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Defendant Baltimore Police Department (BPD) hereby responds to Plaintiff's third set of interrogatories.

GENERAL OBJECTIONS AND STATEMENTS

1. The BPD objects to these interrogatories to the extent that they seek to impose obligations that are beyond the scope permitted by the rules of this Court and the Federal Rules of Civil Procedure.

2. All responses are based upon the best information currently available, and the BPD reserves its right to supplement this response as discovery proceeds and as new information comes to light.

3. The BPD objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege.

4. The BPD objects to these interrogatories to the extent they seek information not within its possession, custody, or control.

EXHIBIT 2

5. The BPD's failure to object to the interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

6. The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant in this case. Because they are individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**INTERROGATORY #1 (14):** Did any employee of the Baltimore Police Department talk with any child of Michelle Dyson following the murder of Michelle Dyson? Unless your answer to this question is an unequivocal "no," please state (a) each such person you are aware of; (b) when the conversation occurred; (c) where the conversation occurred; and (d) the substance of anything that was said during the conversation.

**Objection:** The BPD objects to the extent this interrogatory calls for the BPD to speak as to the knowledge of any individual defendant and potential defendants in this case. Because they are or may become individual parties to this dispute, discovery as to their recollection is more appropriately obtained from them directly.

**Answer:** The BPD has no personal knowledge of whether such a communication occurred. Pursuant to Rule 33(d), BPD directs the Plaintiff to any and all documents it has produced pursuant to Rule 34, particularly BPD.2354-002683 and BPDCONFIDENTIAL.2346-2349.

## AFFIRMATION

I HEREBY DECLARE that I am duly authorized so as to make this affirmation and verification and respond on behalf of the Baltimore Police Department. I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief. All answers set forth herein have been obtained through the Baltimore Police Department's agents, servants and/or employees, both current and former, and its business records.

12/8/16

Date                                    [name]

## ATTORNEY'S STATEMENT

Pursuant to Rule 33(b)(5), I hereby state that I am the attorney that has made the objections in the BPD's Answers to Interrogatories and my signature below indicates my compliance with Rule 33(b)(5).

Date: 12/8/2016

Respectfully submitted,

_____/s/_____
Colin P. Glynn, Bar No. 23731
(443) 683-2287
Office of Legal Affairs
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
colin.glynn@baltimorepolice.org
*Attorneys for Defendant*

## CERTIFICATE FOR SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2016, a true and correct copy of the foregoing was served via email transmission on all counsel of record:

_____/s/_____
Colin P. Glynn