# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

January 17, 2017

*Via Email*

Colin P. Glynn
Office of Legal Affairs
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, MD 21202
colin.glynn@baltimorepolice.org

Re: *Burgess v. Baltimore Police Department, et al,*,

Dear Mr. Glynn:

     I write with regard to Baltimore Police Department's (BPD) recent responses to Plaintiff's First, Second, and Third Sets of Interrogatories.  This letter is an attempt to resolve discovery disputes without seeking the Court's assistance.

**First Set of Interrogatories: Nos. 4 & 6**

     The BPD's responses to Interrogatories 4 & 6 of Plaintiff's First set of Interrogatories are deficient. Specifically, Interrogatory No. 4 requests information regarding the communications of "any employee or agent" of BPD with several entities and/or the Individual Defendants.[1]  BPD's answer seems very likely to be incomplete. BPD responds that only two employees may have communicated about the Dyson investigation in the past 23 years with any of the following entities: the eight individual defendants, any law enforcement agency, any person in the Office of the State's Attorney for Baltimore City, any person in the U.S. Attorney's Office, or any witness. Given the breadth of the Dyson investigation and the related ongoing criminal and civil litigation over an extensive time period, Plaintiff believes additional communications must have occurred. For example, communications likely took place among the many officers who reported to the scene, between witnesses and police officers at the scene, and between responding officers and the State's Attorney's Office.

     Please supplement your response to Interrogatory No. 4 with all additional communications that BPD is able to identify and explain every step BPD undertook

---

[1] BPD first objects that Plaintiff should obtain this information from the Individual Defendants directly. That objection is improper. Plaintiff may obtain discovery from any party, including BPD, and BPD may not determine Plaintiff's method for doing so.

in order to answer this interrogatory. For example, if BPD has searched for correspondence or emails which are responsive to this interrogatory, please explain how that search was conducted and what search terms were used.

Interrogatory No. 6 asks whether it is BPD's position that Sabein Burgess committed the murder of Michelle Dyson or any other illegal act in relation to incidents described in the complaint.  BPD responds that this inquiry is not an appropriate subject under Federal Rule of Civil Procedure 26.  But Sabein Burgess' guilt or innocence—and the parties' positions on that subject—are the heart of this case.  Plaintiff expects all parties to make arguments on this subject at trial. Please supplement your response to Interrogatory No. 6.  If you do not supplement your response, Plaintiff will move *in limine* to bar BPD from taking any position on this topic at all trials or hearings related to Plaintiff's claims.

**BPD's "Lack of Personal Knowledge" Responses**

In response to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories, Interrogatories Nos. 1-4 of Plaintiff's Second Set of Interrogatories, and Interrogatory No. 1 of Plaintiff's Third Set of Interrogatories, BPD responds that it lacks "personal knowledge."[2]  This response is improper, particularly for an organizational defendant like BPD. BPD's responses must provide all "information available" to it, without a self-imposed "personal knowledge" limitation. FED. R. CIV. PRO. 33 (a); *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242–43 (D. Md. 2012) ("the Federal Rules contain no such requirement that answers to interrogatories be based on personal knowledge.").  It is BPD's responsibility, as a party to this lawsuit bound to answer discovery, to undertake a good faith effort to find out the relevant facts, including reviewing documents and interviewing employees and agents with personal knowledge of each of these interrogatories, and to fully answer each interrogatory with its position.  *See Wilson v. Lakner,* 228 F.R.D. 524, 529 (D. Md. 2005).  Accordingly, please provide a full response to each interrogatory including the information available to BPD, regardless of any "personal knowledge" limitation, and explain all steps BPD has taken to establish the knowledge of BPD employees or agents. Further, please state under oath that each BPD response constitutes the complete extent of the information that BPD is able to develop in response to that interrogatory, after conducting a reasonable investigation.

If BPD does not supplement its responses, Plaintiff will move *in limine* to prevent BPD from taking any position on this subject at any proceeding related to the topics addressed in these interrogatories: namely what information was added to the Dyson homicide file at what juncture, whether or not any disclosure of investigative information was made during Plaintiff's criminal proceedings, and whether any BPD employee spoke with Ms. Dyson's children.

---

[2] BPD also repeatedly misunderstands Plaintiff's requests, assuming they seek the knowledge of the Individual Defendants.  To the contrary, Plaintiff is requesting the information of BPD and is entitled to serve discovery on any party in the case.

Please review our concerns and let me know when you are available to discuss these matters.

Sincerely,

Theresa Kleinhaus

Cc: Counsel of Record for the Individual Defendants