# LOEVY & LOEVY

Gayle Horn
gayle@loevy.com

312 N. May St., Suite 100, Chicago, Illinois 60607

February 13, 2017

*By Email*
Colin Glynn
Assistant Solicitor
Baltimore City Department of Law
100 N. Holliday St.
Baltimore, MD 21202

    Re: *Burgess v. BPD et. al.,* No. 15-0834

Dear Colin:

    I write in reply to your letter of February 6, 2017, which was a response to our letter of January 17, 2017. We look forward to discussing the issues below, as well as those outlined in our letter of January 17, 2017, during our discovery conference scheduled for this Wednesday, February 15, 2017, at 3 p.m. eastern time.

    Please consider this letter part of our continuing good faith effort to resolve this discovery dispute without requiring the intervention of the Court.

**Your Client's Efforts to Search for Responsive Information**

    As an initial matter, in response to many of Plaintiff's interrogatories, your client has simply asserted that it lacks information necessary to answer those interrogatories. Int. 7 (Pltf's First Set of Interrogs.); Ints. 2-4 (Plaintiff's Second Set of Interrogs.). Notwithstanding the BPD's non-answers, you have objected to identifying whether and where your client has searched for responsive information or information that would answer those interrogatories, because you are alleging such information is protected by the work product privilege. That objection is without merit.

    Discovery requires a "good faith effort" to "find out the relevant facts – to collect information, review document and interview employees with personal knowledge . . . ." *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005). Plaintiff is seeking information about what sources you searched for information responsive to his interrogatories. It is no answer that you conducted the search, as opposed to the corporate designee who actually signed the interrogatory. *Id*. at 528-29. Indeed, if preparation of the interrogatory answers (or a Rule 30(b)(6) witness) "means

EXHIBIT 7

tracking much the same investigative ground that counsel . . . ha[s] already traversed . . . so be it." *Id.* at 529; *id.* ("The work product doctrine provides no shield . . . in this regard.").

Given the foregoing, please supplement your interrogatory answers to identify every step your client took to answer Plaintiff's interrogatories and search for information responsive to Plaintiff's discovery requests. In addition, please see the attached notice of deposition for the designee who has signed each of the BPD's answers to Plaintiff's interrogatories.

**Interrogatory No. 4:**

You have objected to providing additional information about communications between and among BPD employees and other agencies. You raised objections to multiple categories of people who have had communications regarding the Dyson homicide.

***BPD Employees*:**

As an initial matter, our request is not limited to the individual defendants. To the contrary, the interrogatory asks whether "any employees or agents" of the BPD have had Communications regarding Plaintiff or any of the events described in Plaintiff's complaint. You have not identified any such communications. Rather, in your client's interrogatory response and in your letter, you stated that the documents that have been produced "contain reference to or suggest a variety of communications" and that the "documents speak for themselves." While certain documents may make clear what communications were had, by whom and when, most of them do not. In particular, as you are aware, one of the most critical documents in this case – the CAD report – does not identify the officers beyond their post number. It is incumbent upon the BPD to make an effort to identify – at a minimum – which BPD employees responded to the crime scene. Pointing to the CAD report as responsive is insufficient. *See United Oil Co., Inc. v. Parts Assoc., Inc.*, 227 F.R.D. 404, 419-20 (D. Md. 2004) (where "documents to not provide any certain or clear answers to the interrogatories," the "plaintiff should answer completely and specifically rather than by reference to documents"); *see also Bethesda Softworks LLC v. Interplay Ent. Corp.*, No. 09-2357, 2011 WL 1559308, at *4 (D. Md. April 25, 2011) (explaining that case law disfavors attempts to respond to interrogatories by referring to documents because "there is value in clear and precise interrogatory answers"); *Wilson*, 228 F.R.D. at 529 (plaintiff not required to "depose a string of hospital employees" to learn information in custody or control of hospital).

*Other Law Enforcement Agencies & Prosecution Units:*

Rather than actually identify any law enforcement agencies with whom members of the BPD may have communicated about the Dyson homicide, you simply referred Plaintiff to the "homicide file." That response is insufficient for a number of reasons. First, as you are aware, the homicide file is incomplete. Indeed, there are known documents missing from that file, including Plaintiff's statement and Goldstein's 24 hour report; it is therefore not unreasonable to assume there are also unknown documents missing from that file.

Second, Plaintiff's request is not limited to conversations that were memorialized in records contained in the homicide file. To the contrary, Plaintiff has asked for *any* communication between BPD employees and other law enforcement agencies – whether memorialized or not, or whether part of the criminal prosecution or not. The key tie in is that each of those communications related in some way to the murder of Michelle Dyson. As a result, your response is woefully insufficient.

For the same reason, your client's response vis-à-vis the Baltimore State's Attorney's Office and the United State's Attorney's Office is insufficient.

**Interrogatory No. 6:**

We have asked your client its position on Plaintiff's guilt or innocence. Your client continues to object to this interrogatory answer notwithstanding Judge Bennett's repeated invocation that the BPD is both a party to this case and to discovery. At a minimum, Plaintiff's innocence is relevant to Plaintiff's damages, and if BPD intends to present any evidence at any time of Plaintiff's guilt, it is incumbent upon the BPD to answer this interrogatory so that Plaintiff can develop evidence during discovery to rebut it. *See Parish v. City of Elkhart*, 702 F.3d 997, 1003 (7th Cir. 2012) (reversible error not to allow plaintiff to put on evidence that someone else committed the crime for which he was wrongfully convicted).
If you continue to refuse to answer this interrogatory, Plaintiff will move *in limine* to bar your client from contesting the amount of damages awarded to Plaintiff at any trial and the BPD's concomitant duty to indemnify, as well as contesting Plaintiff's innocence at any bifurcated trial.

**Rule 30(b)(6) Depositions:**

In addition, Plaintiff has sent the BPD a notice of Rule 30(b)(6) depositions. As a courtesy, we left the date of those depositions open to discussion. Thus far, the BPD has refused to designate any witnesses in response to the notice. Please be advised that we expect witnesses to be designated this week. If we do not receive designations, we will be left with no option but to move to compel these depositions.

Glynn                                                                                                  Page 4 of 4
Feb. 13, 2017

**Frank Miller and Bob Collins**

    Finally, please see the attached subpoena for Frank Miller's deposition. In addition, please forward us under a separate cover identifying information for Bob Collins so that we can serve him.

    We look forward to speaking with you about these matters on Wednesday.

                                        Sincerely,

                                        /s/Gayle Horn