JAMES H. FIELDS

June 2, 2017

The Hon. Richard D. Bennett

  Re: Sabein Burgess v. Baltimore Police Department, et al.
     Civil Action No. RDB-15-cv-00834

Dear Judge Bennett:

  I write on behalf of my clients, Individual Defendants, Kelly Miles, John Boyd, John Skinner and Dean Palmere ("Defendants"), to seek leave to depose the Plaintiff, Sabein Burgess, on June 6, 2017. On December 1, 2016, Plaintiff was deposed by the original Defendants in this case. On January 23, 2017, the Plaintiff amended his Complaint in this case, naming my clients, as parties Defendant for the first time.

  As Your Honor knows, the applicable Federal Rules provide that leave to conduct a second deposition should ordinarily be granted; the burden is on the <u>opposing</u> party to demonstrate that: [1] the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [2] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or [3] the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2). *Judicial Watch, Inc. v. United States DOC*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998). Courts have found "new information," justifying the reopening a deposition, where (1) **new parties were added to the case**, (2) new allegations were made in the pleadings, and (3) **new documents were produced**. . . . See *Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369, 374-5 (7th Cir. 2001) (court concluded that had trial court allowed plaintiff to amend complaint to allege fraud, it would have been necessary to reopen discovery and take depositions of persons already deposed); *Flomo v. Bridgestone Ams. Holding, Inc.*, No. 1:06-cv-000627-WTL-JMS, 2009 U.S. Dist. LEXIS 112577, 2009 WL 4728018, at *2 (S.D. Ind. Dec. 4, 2009) (where new affidavit conflicted with previously filed affidavit, court allowed reopening of depositions to explore how affidavits from an individual were obtained); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 49, 50-51 (E.D.Pa. 1995) (second deposition based on new parties and new allegations); see also, *Morrison v. Stephenson*, 2008 U.S. Dist. LEXIS 6512, 2008 WL 145017 (S.D.Ohio January 10, 2008) (stating that "new information comes to light. . ., [when] new parties are added to the case, new allegations are made in pleadings, or new documents are produced**, . . .**") (citing *Keck*, 1997 U.S. Dist. LEXIS 10578, 1997 WL 411931 (S.D.N.Y. July 22, 1997)). *Kleppinger v. Tex. DOT*, 283 F.R.D. 330, 333 n.4 (S.D. Tex. 2012) (emphasis added).

  Plaintiff's amended Complaint introduced both new parties to this litigation and, by default, new allegations that my clients, in addition to previously named defendants, received, withheld, and conspired to withhold alleged exculpatory information from the Plaintiff and his attorneys. The allegations against my clients, as well as my clients' defenses to the same, are distinguishable in certain respects from those of the prior defendants and unique to the facts implicating them in this litigation. The fact that certain of my clients' defenses also have been asserted by other parties does not make those defenses any less those of my clients. As such, the responses obtained in the Plaintiff's first deposition are insufficient to deny my clients their own opportunity to test the allegations asserted against them in the Plaintiff's amended Complaint, or to test my clients' defense thereto. Plaintiff has never answered questions in

deposition regarding my clients' written discovery requests propounded to Plaintiff, which are unique to my clients, or questions pertaining to written discovery requests propounded to Plaintiff subsequent to the taking of his initial deposition, or questions as to documents that were produced and made known to the parties <u>after</u> Plaintiff's initial deposition, of which there are several.  Indeed, in light of the concerns expressed by plaintiff's counsel as to the duplicative nature of testimony to be gained in a second deposition, the undersigned advised Plaintiff's counsel of the my clients' intent to limit the scope of the second deposition to the following:

1. *Examination of Plaintiff re facts supporting the alleged liability of each Defendant to Plaintiff, and the damages allegedly caused by each Defendant to Plaintiff for the claims asserted against Defendants;*
2. *Examination of Plaintiff re facts which may pertain to any defenses asserted by Defendants to the claims asserted against them by Plaintiff;*
3. *Examination of Plaintiff re the subject areas covered by the written discovery requests propounded by Defendants to Plaintiff;*
4. *Examination of Plaintiff re the subject matter of (i) any written discovery requests propounded by any party at any time subsequent to the deposition of Plaintiff taken on Dec. 1, 2016, (ii) any written discovery responses tendered by any party at any time subsequent to the deposition of Plaintiff taken on Dec. 1, 2016, and (iii) any and all documents produced by any party or via third-party subpoena at any time subsequent to the deposition of Plaintiff taken on Dec. 1, 2016.;*

Discovery that has never been taken with specific reference to my clients cannot possibly be duplicative or unreasonably cumulative, as Plaintiff contends.  Nor can my clients obtain the evidence purportedly supporting Plaintiff's claims against my clients from any source other than Plaintiff. Finally, there is no burden to Plaintiff being made to answer inquiries regarding claims he is pressing against new parties, which, by definition, amount to "new claims". If, for example, Plaintiff has no information or evidence beyond that which Plaintiff has stated in prior deposition answers as to other defendants, then my clients are entitled to discovery of that testimony under oath.  Indeed, the core sentiment contained in Plaintiff's correspondence to the Court in opposition to my clients' request to take a second deposition of Plaintiff is couched in terms of "what Plaintiff will not be able to testify to", or "facts and information Plaintiff does not or cannot know".  With all due respect, that is precisely the purpose of a deposition, to learn the extent of the facts and information known to Plaintiff, or not, which support his claims against my clients, and preserve Plaintiff's sworn testimony as to same.  Plaintiff cannot simply rest on his calculated assertions to this Court of what information will or will not be gleaned from my clients' first and only opportunity to depose Plaintiff.

Finally, as to the requested four (4) hour duration of the requested deposition, it is comparable to the total eight (8) hours of additional deposition time allotted to Plaintiff to re-depose the original individual defendants (8 defendants x 1 hour each) based upon documents produced after their original depositions.  It is not at all unreasonable for my clients, who, themselves, each sat for an average of 4 hours of deposition time by the Plaintiff, to utilize, in the aggregate, 4 hours (1 hour as to each defendant) to depose Plaintiff in this matter as described above.

Respectfully submitted,

*/s/ James H. Fields*
James H. Fields

Cc: Counsel of record via ECF