## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABEIN BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-00834 |
| | ) | |
| v. | ) | |
| | ) | Hon. Richard D. Bennett |
| BALTIMORE POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

### FUNCTIONS OF THE COURT AND THE JURY

[Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.][1]

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case is entitled to the same fair consideration. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I [say or do/said or did] during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

[To the extent that these instructions differ from the instructions that I read to you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.]

---

[1] Instructions highlighted in yellow are those proposed to be given following the evidence, at the end of trial.

**Plaintiff's Proposed Jury Instruction No. 1**

**Sources**: Seventh Circuit Pattern Civil Jury Instruction 1.1; Ninth Circuit Pattern Jury Instruction 1.2; Third Circuit Pattern Jury Instruction 3.1.[2]

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

---

[2] Because the Fourth Circuit does not have pattern instructions for civil cases, Plaintiff proposes instructions based on pattern instructions from other courts of appeals, including courts with pattern instructions for section 1983 cases. Those pattern instructions are available at:

- Seventh Circuit Civil Pattern Jury Instructions: http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf
- Ninth Circuit Civil Pattern Jury Instructions: http://www3.ce9.uscourts.gov/jury-instructions/model-civil
- Third Circuit Civil Pattern Jury Instructions: http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions

**EVIDENCE**

The evidence consists of the testimony of the witnesses, stipulations read by the parties, and the exhibits admitted in evidence. A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

**Plaintiff's Proposed Jury Instruction No. 2**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.4, Ninth Circuit Pattern Jury Instruction Nos. 1.9; 2.1; 2.2; Third Circuit Pattern Jury Instruction Nos. 1.5; 2.3; 2.4.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**WHAT IS NOT EVIDENCE**

Certain things are not evidence. I will list them for you:

First, if I [tell/told] you to disregard any testimony or exhibits or [strike/struck] any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may [see or hear/have seen or heard] outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may [see or hear/have seen or heard]. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Plaintiff's Proposed Jury Instruction No. 3**

**Sources**: *See generally Haley v. Blue Ridge Transfer Co.*, 802 F.2d 1532, 1535 n.4 (4th Cir. 1986) (citing *McCoy v. Goldston*, 652 F.2d 654, 656 (6th Cir. 1981)) ("The right to an impartial jury in civil cases is inherent in the Seventh Amendment's preservation of a 'right to trial by jury' and the Fifth Amendment's guarantee that 'no person shall be denied of life, liberty or property without due process of law.'"); *Mayall v. Peabody Coal Company*, 7 F.3d 570, 573 (7th Cir. 1993) (instruction that arguments, statements and remarks of counsel are not evidence is helpful in curing potentially improper remarks); *see also* Seventh Circuit Pattern Jury Instruction No. 1.6; Ninth Circuit Pattern Jury Instruction 1.10; Third Circuit Pattern Jury Instruction No. 1.5.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

## NOTE-TAKING

Any notes [you take/<mark>you have taken</mark>] during this trial are only aids to your memory. The notes are not evidence. If [you do not take/<mark>you have not taken</mark>] notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Plaintiff's Proposed Jury Instruction No. 4**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.7; Ninth Circuit Pattern Jury Instruction No. 1.18; Third Circuit Pattern Jury Instruction No. 1.9; *see also* American Bar Association, Civil Trial Practice Standards (2007) (court ordinarily should permit jurors to take notes, but should also give a cautionary instruction that notetaking is not required and that notes are not to be used in place of the evidence).

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 5**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.11; Ninth Circuit Pattern Jury Instruction No. 1.12.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 6**

**Sources**: *United States v. Thomas*, 414 F.2d 792, 792 (4th Cir. 1969); *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992); *see also* Seventh Circuit Pattern Jury Instruction No. 1.12; Ninth Circuit Pattern Jury Instruction No. 1.12; Third Circuit Pattern Jury Instruction No. 1.6.

_____      Given
_____      Rejected
_____      Withdrawn
_____      Objected to

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- the witness's demeanor;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 7**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.13; Ninth Circuit Pattern Jury Instruction No. 1.14; Third Circuit Pattern Jury Instruction No. 1.7.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## LAWYER INTERVIEWING WITNESS

It is proper for an attorney to meet with any witness in preparation for trial.

**Plaintiff's Proposed Jury Instruction No. 8**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.16.

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

**PRESENTATION OF EVIDENCE BY TRANSCRIPT, DEPOSITION, OR VIDEO**

During the trial, certain testimony [may be/was presented] to you by the reading of transcripts, depositions and by video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**Plaintiff's Proposed Jury Instruction No. 9**

**Sources**: *See generally Sandridge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 259 (5th Cir. 1985) (noting that "[a] trial court may not properly instruct a jury that a written deposition is entitled to less weight than live testimony" and, by analogy, improper to instruct a jury that a written deposition is entitled to less weight than a videotaped deposition); *In re Air Crash Disaster*, 635 F.2d 67, 73 (2d Cir. 1980) (by implication, approving instruction that deposition testimony "is entitled to the same consideration and is to be judged as to credibility and weighted and otherwise considered by you in the same way as if the witness has been actually present in court"); *see also* Seventh Circuit Pattern Jury Instruction No. 1.5; Ninth Circuit Pattern Jury Instruction No. 2.4; Third Circuit Pattern Jury Instruction No. 2.5.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

[END OF TRIAL ONLY] **EXPERT WITNESSES**

You have heard from witnesses, namely, [list testifying opinion witnesses] who gave opinions and testimony about certain subjects requiring special knowledge or skill. You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

**Plaintiff's Proposed Jury Instruction No. 10**

**Sources**: *See* FED. R. EVID. 602, 701-705. *See generally United States v. Mansoori*, 304 F.3d 635, 654 (7th Cir. 2002), cert. denied 538 U.S. 967, 123 S. Ct. 1761, 155 L.Ed.2d 522 (2003) (approving instruction to jury that "the fact an expert has given an opinion does not mean that it is binding upon you" and finding no prejudice where witness testified as both expert and fact witness); *United States v. Serafino*, 281 F.3d 327, 330-331 (1st Cir. 2002) (court mitigated "whatever special aura the jury might otherwise have attached to the term 'expert'" by instructing that expert testimony should be considered just like other testimony); *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 775 (6th Cir. 1989) (no error in failing to give jury instruction regarding speculative testimony by expert witness where jury was instructed that it must decide how much weight and credibility to give to expert opinion); *see also* Seventh Circuit Pattern Jury Instruction No. 1.21; Ninth Circuit Pattern Jury Instruction No. 2.13; Third Circuit Pattern Jury Instruction No. 2.11.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Plaintiff's Proposed Jury Instruction No. 11**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.18.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

**Plaintiff's Proposed Jury Instruction No. 12**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.17; Ninth Circuit Pattern Jury Instruction 1.14; Third Circuit Pattern Jury Instruction No. 3.2.

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

### CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Plaintiff's Proposed Jury Instruction No. 13**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.08; Ninth Circuit Pattern Jury Instruction No. 1.6;

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## DEMONSTRATIVE EXHIBITS

Certain summaries, charts, diagrams, and other demonstrative exhibits were shown to you to help explain other evidence that was admitted. These summaries, charts, diagrams, and other demonstrative exhibits are not themselves evidence or proof of any facts.

**Plaintiff's Proposed Jury Instruction No. 14**

**Sources**: *See* FED. R. EVID. 1006; FED. R. EVID. 611(A)(1); FED. R. EVID. 403; *United States v. Beckford*, 211 F.3d 1266 (4th Cir. 2000); *United States v. Salerno*, 108 F.3d 730, 744 (7th Cir. 1997) ("Demonstrative aids are regularly used to clarify or illustrate testimony."); *see also* Seventh Circuit Pattern Jury Instruction No. 1.08; Ninth Circuit Pattern Jury Instruction No. 2.14; Third Circuit Pattern Jury Instruction No. 2.8.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

15

## THE PARTIES

The plaintiff in this case is Sabein Burgess. I will refer to him as the plaintiff.

The defendants in this case are Gerald Goldstein, Dale Weese, Steven Lehmann, Dean Palmere, Kelly Miles, and John Boyd, who are current or former employees of the Baltimore Police Department. I will refer to them as the defendants.

**Plaintiff's Proposed Jury Instruction No. 15**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## PREPONDERANCE OF THE EVIDENCE

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiff has to prove something by a preponderance of the evidence, I mean that he must prove that the particular proposition is more likely true than not true.

**Plaintiff's Proposed Jury Instruction No. 16**

**Sources**: *See In re Winship*, 397 U.S. 358, 371 (1970) (Harlan, J., concurring) ("preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence"); *see also* Seventh Circuit Pattern Jury Instruction No. 1.27; Ninth Circuit Pattern Jury Instruction 1.6; Third Circuit Pattern Jury Instruction 1.10.

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

## THE CLAIMS

The plaintiff has four claims under the United States Constitution, two claims under Maryland state law, and one claim under the Maryland Declaration of Rights.

First, the plaintiff claims that defendants Goldstein, Weese, Lehmann, Palmere, Miles, and/or Boyd violated his right to due process protected by the U.S. Constitution by concealing evidence.

Second, the plaintiff claims that defendants Goldstein and/or Weese violated his right to due process protected by the U.S. Constitution by fabricating evidence.

Third, the plaintiff claims that defendants Goldstein and/or Weese violated his rights protected by the U.S. Constitution by causing or continuing his imprisonment and prosecution for murder without probable cause.

Fourth, the plaintiff claims that defendants Goldstein, Weese, Lehmann, Palmere, Miles, and/or Boyd failed to intervene to prevent other defendants from violating his constitutional rights.

Fifth, the plaintiff claims that the defendants Goldstein and/or Weese maliciously caused him to be prosecuted for murder, in violation of Maryland law.

Sixth, the plaintiff claims that one or more of the defendants intentionally inflicted emotional distress on him, in violation of Maryland state law.

Seventh, the plaintiff claims that defendants Goldstein, Weese, Lehmann, Palmere, Miles, and/or Boyd violated his rights protected by the Maryland Declaration of Rights.

The defendants deny each of the plaintiff's claims.

**Plaintiff's Proposed Jury Instruction No. 17**

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## FIRST CLAIM – UNITED STATES CONSTITUTION
## VIOLATION OF DUE PROCESS (SUPPRESSION OF EVIDENCE)
## DEFENDANTS GOLDSTEIN, WEESE, LEHMANN, PALMERE, MILES, AND BOYD

The plaintiff's first claim is that defendants Goldstein, Weese, Lehmann, Palmere, Miles, and/or Boyd violated his constitutional right to due process of law by concealing evidence.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove the following things by a preponderance of the evidence:

1.  The defendant concealed or participated in the concealment of material exculpatory and/or impeachment evidence;

2.  The defendant acted in bad faith; and

3.  The plaintiff was damaged as a result of the concealment.

I will now define some of the terms that I have just used.

"Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged.

"Impeachment" evidence is evidence that would undermine the credibility of a witness who testifies at the criminal trial.

Concealed evidence is "material" when there is a reasonable likelihood that, had the evidence been disclosed to the plaintiff, it could have affected the outcome of his criminal proceedings.

A person acts in "bad faith" when they act intentionally or maliciously, rather than acting accidentally

**Plaintiff's Proposed Jury Instruction No. 18**

**Sources**: *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 396-98 (4th Cir. 2014); *Barbee v. Warden, Md. Penitentiary,* 331 F.2d 842, 846-47 (4th Cir. 1964); *Monroe v. Angelone*, 323 F.3d 286, 299-300 (4th Cir. 2003); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001); *see also* Seventh Circuit Proposed 1983 Jury Instructions 7.14.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## SECOND CLAIM – UNITED STATES CONSTITUTION

## VIOLATION OF DUE PROCESS (FABRICATION OF EVIDENCE)
## DEFENDANTS GOLDSTEIN AND WEESE

The plaintiff's second claim is that defendants Goldstein and/or Weese violated his constitutional right to due process of law by fabricating evidence.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove the following things by a preponderance of the evidence:

1.  The defendant fabricated or participated in the fabrication of material false evidence;

2.  The defendant acted in bad faith; and

3.  The plaintiff was damaged as a result of the fabrication.

With regard this claim, fabricated evidence is "material" when there is a reasonable likelihood that it could have affected the outcome of the plaintiff's criminal proceedings.

**Plaintiff's Proposed Jury Instruction No. 19**

**Sources**: *Napue v. Illinois*, 60 U.S. 264, 269 (1959); *United States v. Agurs*, 427 U.S. 97, 103 (1976); *Washington v. Wilmore*, 407 F.3d 274, 282-83 (4th Cir. 2005); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*); *Whitlock v. Brueggemann*, 682 F.3d 567, 582-85 (7th Cir. 2012); *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014); *see also* Seventh Circuit Proposed 1983 Jury Instruction 7.14; Ninth Circuit Proposed 1983 Jury Instruction 9.33.


_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

**THIRD CLAIM – UNITED STATES CONSTITUTION
MALICIOUS PROSECUTION/DETENTION WITHOUT PROBABLE CAUSE
DEFENDANTS GOLDSTEIN AND WEESE**

The plaintiff's third claim is that defendants Goldstein and/or Weese caused and/or continued his imprisonment and prosecution for murder without probable cause.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.    The defendant caused a criminal proceeding to be commenced or continued against the plaintiff during which he was imprisoned;

2.    There was no probable cause for the criminal proceeding;

3.    The criminal proceedings terminated in the plaintiff's favor; and

4.    The plaintiff was damaged as a result of the defendant's actions.

I will now define some of the terms that I have just used.

"Probable cause" exists if a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged.

In this case, I instruct you that the third element of the claim has been proven. The criminal proceedings against the plaintiff were terminated in his favor.

**Plaintiff's Proposed Jury Instruction No. 20**

**Sources**: *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Gerstein v. Pugh*, 420 U.S. 103, 111-12 (1975); *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017); *Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012); *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996); *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

**FOURTH CLAIM – UNITED STATES CONSTITUTION**
**FAILURE TO INTERVENE**
**DEFENDANTS GOLDSTEIN, WEESE, LEHMANN, PALMERE, MILES, AND BOYD**

The plaintiff's fourth claim is that defendants Goldstein, Weese, Lehmann, Palmere, Miles, and/or Boyd violated his constitutional rights by failing to intervene to stop harm caused the other defendants.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more the defendants violated the plaintiff's constitutional rights;

2. The defendant you are considering knew that the plaintiff's constitutional rights were being or were about to be violated;

3. That defendant had a realistic opportunity to do something to prevent harm from occurring;

4. That defendant failed to take reasonable steps to prevent harm from occurring; and

5. That defendant's failure to act caused damage to the plaintiff.

**Plaintiff's Proposed Jury Instruction No. 21**

**Source**: *Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016); *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 477-78 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002); *see also* Seventh Circuit Pattern Jury Instruction 7.22.

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

## FIFTH CLAIM – MARYLAND LAW
## MALICIOUS PROSECUTION
## DEFENDANTS GOLDSTEIN AND WEESE

The plaintiff's fifth claim is that defendants Goldstein and/or Weese maliciously caused him to be prosecuted for murder in violation of state law.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.    The defendant caused a criminal proceeding to be commenced or continued against the plaintiff;

2.    There was no probable cause for the criminal proceeding;

3.    The defendant acted with malice;

5.    The criminal proceedings terminated in the plaintiff's favor; and

6.    The plaintiff was damaged as a result of the defendant's actions.

I will now define some of the terms that I have just used.

"Probable cause" exists if a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged.

A person acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged. You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith

In this case, I instruct you that the third element of the claim has been proven. The criminal proceedings against the plaintiff were terminated in his favor.

**Plaintiff's Proposed Jury Instruction No. 22**

**Sources**: *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000); *DiPino v. Davis*, 729 A.2d 354, 373 (1999); *Montgomery Ward v. Wilson*, 664 A.2d 916, 922 (1995); *Exxon Corp. v. Kelly*, 381 A.2d 1146, 1149 (Md. 1978).

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## SIXTH CLAIM – MARYLAND LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANTS GOLDSTEIN, WEESE, LEHMANN, PALMERE, MILES, BOYD

The plaintiff's sixth claim is that the defendants intentionally caused him emotional distress.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant's conduct was so outrageous in character, and so extreme in degree, to exceed the bounds of decency;

2. The defendant intended to inflict emotional distress on the plaintiff or knew there was a high probability that his conduct would do so; and

3. The defendant's conduct caused the plaintiff emotional distress so severe that no reasonable person could be expected to endure it.

**Plaintiff's Proposed Jury Instruction No. 23**

**Sources**: *Harris v. Jones*, 380 A.2d 611 (Md. 1977); *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 74 (Md. 1991); *Kentucky Fried Chicken National Mgmt. Co. v. Weathersby*, 607 A.2d 8 (Md. 1992).

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

## SEVENTH CLAIM – ARTICLE 24 MARYLAND DECLARATION OF RIGHTS
## DEFENDANTS GOLDSTEIN, WEESE, LEHMANN, PALMERE, MILES AND BOYD

The plaintiff's seventh claim is that the defendants violated his rights protected by the Maryland Declaration of Rights.

If you find for the plaintiff on any one of his first four constitutional claims, on which I have instructed you already, then you should also find for the plaintiff on this claim.

If you find for the plaintiff on none of his first four constitutional claims, then you should find against him on this claim.

**Plaintiff's Proposed Jury Instruction No. 24**

**Sources**: *Pitsenberger v. Pitsenberger*, 410 A.2d 1052, 1056 (Md.1980) ("Article 24 of the Maryland Declaration of Rights is the Maryland state counterpart to the Fourteenth Amendment of the United States Constitution, and is interpreted equivalently.")

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## DAMAGES

The plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the plaintiff against one or more of the defendants on one or more of the plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 25**

**Sources**: Seventh Circuit Pattern Jury Instruction 7.23; Ninth Circuit Pattern Jury Instruction 5.1.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

# COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained as a direct result of the defendants' wrongful conduct. This is called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following type of compensatory damages:

Any physical, mental, or emotional pain and suffering and loss of a normal life that the plaintiff has experienced and is likely to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for any injury he has sustained.

**Plaintiff's Proposed Jury Instruction No. 26**

**Sources**: *Memphis Community School District v. Stachura*, 477 U.S. 299, 306 (1986) (observing that "out-of-pocket loss and other monetary harms [and] impairment of reputation ..., personal humiliation, and mental anguish and suffering" were types of injuries for which compensatory damages may be recovered pursuant to Section 1983"); *Price v. City of Charlotte, N.C.,* 93 F.3d 1241, 1246 (4th Cir. 1996); *see also* Seventh Circuit Pattern Jury Instruction 7.23; Ninth Circuit Pattern Jury Instruction No. 5.2; Third Circuit Proposed 1983 Instruction No. 3.8.1.

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

## PUNITIVE DAMAGES

In addition to compensatory damages, you may ssess punitive damages against any individual defendant (i.e., defendant Goldstein, defendant Weese, defendant Lehmann, defendant Palmere, defendant Miles, or defendant Boyd) that you find liable.

The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular defendant that you are considering. You may assess punitive damages against a defendant only if you find that the defendant's conduct was malicious or in reckless disregard of the plaintiff's rights.

Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the other party.

Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects complete indifference to the person's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the defendant's conduct;
- the impact of the defendant's conduct on the plaintiff;
- the relationship between the plaintiff and the defendant;
- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made; and
- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

**Plaintiff's Proposed Jury Instruction No. 27**

**Sources**: *Smith v. Wade,* 461 U.S. 30, 56 (1983); *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987); *see also* Seventh Circuit Pattern Jury Instruction 7.24; Ninth Circuit Pattern Jury Instruction No. 5.5; Third Circuit Proposed 1983 Instruction No. 3.8.3.

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

**[END OF TRIAL ONLY] FINAL INSTRUCTIONS**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means.

This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, lnstagram, or SnapChat; or by using any other method of communication.

**Plaintiff's Proposed Jury Instruction No. 28**

**Sources**: *United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999); *see also* Seventh Circuit Pattern Jury Instruction No. 1.32; Ninth Circuit Pattern Jury Instruction No. 1.15; Third Circuit Pattern Jury Instruction Nos. 1.3, 3.1.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## [END OF TRIAL ONLY] COMMUNICATION WITH THE COURT

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

**Plaintiff's Proposed Jury Instruction No. 29**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.33; Ninth Circuit Pattern Jury Instruction No. 3.3; Third Circuit Pattern Jury Instruction 3.1.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

[END OF TRIAL ONLY] **GENERAL VERDICT**

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

**Plaintiff's Proposed Jury Instruction No. 30**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.32; Ninth Circuit Pattern Jury Instruction No. 3.5; Third Circuit Pattern Jury Instruction No. 3.1.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## [END OF TRIAL ONLY] DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Plaintiff's Proposed Jury Instruction No. 31**

**Sources**: *Johnson v. Louisiana*, 406 U.S. 356, 369-70 n.5 (1972) (jury verdict in federal civil case must be unanimous); *see also* Fed. R. Civ. P. 48(b); Seventh Circuit Pattern Jury Instruction No. 1.34; Ninth Circuit Pattern Jury Instruction No. 3.1; Third Circuit Pattern Jury Instruction No. 3.4.

_____       Given
_____       Rejected
_____       Withdrawn
_____       Objected to

**VERDICT FORM -  Burgess v. Baltimore Police Department, et al., Case No. 15-0834**

We, the jury, find as follows on the claims of the plaintiff, Sabein Burgess, against the

defendants Gerald Goldstein, Dale Weese, Steven Lehmann, Dean Palmere, Kelly Miles, and

John Boyd:

**1.      First claim – violation of due process (suppression of evidence):**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |
| Steven Lehmann | _____ | _____ |
| Dean Palmere | _____ | _____ |
| Kelly Miles | _____ | _____ |
| John Boyd | _____ | _____ |

**2.      Second claim – violation of due process (fabrication of evidence):**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |

**3.** **Third claim – malicious prosecution/detention without probable cause:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |

**4.** **Fourth claim – failure to intervene:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |
| Steven Lehmann | _____ | _____ |
| Dean Palmere | _____ | _____ |
| Kelly Miles | _____ | _____ |
| John Boyd | _____ | _____ |

**5.** **Fifth claim – Maryland law malicious prosecution:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |

**6.**      **Sixth claim -  Maryland law intentional infliction of emotional distress:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |
| Steven Lehmann | _____ | _____ |
| Dean Palmere | _____ | _____ |
| Kelly Miles | _____ | _____ |
| John Boyd | _____ | _____ |

7.      **Seventh claim -  Article 24 Maryland Declaration of Rights:**

**[Please note: If you find for the plaintiff and against any of the defendants on any one of the plaintiff's first four constitutional claims, then you should also find for the plaintiff and against each of those same defendants on this claim. If you find for the plaintiff on none of his first four constitutional claims, then you should find against him on this claim.]**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Gerald Goldstein | _____ | _____ |
| Dale Weese | _____ | _____ |
| Steven Lehmann | _____ | _____ |
| Dean Palmere | _____ | _____ |
| Kelly Miles | _____ | _____ |
| John Boyd | _____ | _____ |

## COMPENSATORY DAMAGES

**(to be considered only if you have found in favor of the plaintiff on one or more of his claims against one or more of the defendants)**

We, the jury, award the plaintiff, Sabein Burgess, compensatory damages

in the amount of $ _____.

## PUNITIVE DAMAGES

**(to be considered regarding a particular defendant only if you have found in favor of the plaintiff against that defendant on one or more of the plaintiff's claims)**

We, the jury, award the plaintiff, Sabein Burgess, punitive damages against Gerald

Goldstein in the amount of $ _____.

We, the jury, award the plaintiff, Sabein Burgess, punitive damages against Dale Weese

in the amount of $ _____.

We, the jury, award the plaintiff, Sabein Burgess, punitive damages against Steve

Lehmann in the amount of $ _____.

We, the jury, award the plaintiff, Sabein Burgess, punitive damages against Dean

Palmere in the amount of $ _____.

We, the jury, award the plaintiff, Sabein Burgess, punitive damages against Kelly Miles

in the amount of $ _____.

We, the jury, award the plaintiff, Sabein Burgess, punitive damages against John Boyd in

the amount of $ _____.

**Please sign and date the form below:**

_____          _____

Presiding juror

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____, 2017

RESPECTFULLY SUBMITTED,

/s/Jon Loevy
Jon Loevy


Jon Loevy
Gayle Horn
Steven Art
Theresa Kleinhaus
Tony Balkissoon
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 (tel.)
(312) 243-5902 (fax)

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Jon Loevy, an attorney, hereby certify that on November 3, 2017, I filed the foregoing Proposed Jury Instructions and Verdict Form using the Court's CM/ECF system, which effected service on all counsel of record.


RESPECTFULLY SUBMITTED,

/s/ Jon Loevy
Jon Loevy
LOEVY & LOEVY
311 N. Aberdeen, 3rd FL
Chicago, Illinois 60607
(312) 243-5900 (tel.)
(312) 243-5902 (fax)

*One of Plaintiff's Attorneys*