### IN THE UNITED STATES DISTRICT COURT FOR THE

### DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SABEIN BURGESS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.: RDB–15–834 |
| | ) | |
| **OFFICERS of the BALTIMORE** | ) | |
| **POLICE DEPARTMENT**, | ) | |
| | ) | |
| Defendants. | ) | |

[PLAINTIFF'S PROPOSED]
**JURY INSTRUCTIONS**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case is entitled to the same fair consideration. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read to you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

**Plaintiff's Proposed Jury Instruction No. 1**

**Sources**: Seventh Circuit Pattern Civil Jury Instruction 1.1; Ninth Circuit Pattern Jury Instruction 1.2; Third Circuit Pattern Jury Instruction 3.1.[1]

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

---

[1] Because the Fourth Circuit does not have pattern instructions for civil cases, Plaintiff proposes instructions based on pattern instructions from other courts of appeals, including courts with pattern instructions for section 1983 cases. Those pattern instructions are available at:

- Seventh Circuit Civil Pattern Jury Instructions: http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf
- Ninth Circuit Civil Pattern Jury Instructions: http://www3.ce9.uscourts.gov/jury-instructions/model-civil
- Third Circuit Civil Pattern Jury Instructions: http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions

**EVIDENCE**

You will determine the facts based on the evidence in the case. The evidence consists of the physical exhibits which were admitted into evidence, stipulations between the parties, and testimony. Testimonial evidence came from the testimony that witnesses gave here in court. The lawyers' opening and closing statements are not evidence; nor are these instructions.

Furthermore, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

**Plaintiff's Proposed Jury Instruction No. 2**

**Sources**: First paragraph is from the Court's preliminary instructions to the jury. Second paragraph is from Seventh Circuit Pattern Jury Instruction No. 1.6; Ninth Circuit Pattern Jury Instruction 1.10; Third Circuit Pattern Jury Instruction No. 1.5.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## NOTE-TAKING

If you took notes, do not discuss them or share them with any juror or other person during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. At the end of each day, you should hand your notes to the courtroom clerk, who will return them to you the following day.

**Plaintiff's Proposed Jury Instruction No. 3**

**Sources**: Court's preliminary instructions.

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 4**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.11; Ninth Circuit Pattern Jury Instruction No. 1.12.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

There are two types of evidence, direct and circumstantial, and both are admissible and can be considered by you. Many people think circumstantial evidence is not as reliable as direct evidence, but that is not necessarily true. You may rely on it just as much as you rely on direct evidence.

Direct evidence is where a witness tells you that he directly observed something with his senses. The witness has personal, firsthand knowledge of the matter about which he is testifying. For example, the witness may testify that he saw that it was raining last night. This is direct evidence that it was in fact raining last night. Circumstantial evidence is evidence which flows from a logical inference from a known, observed fact. For example, the witness may say that he did not look outside last night, but he saw somebody who had just been outside; that person had an umbrella, and the person and the umbrella were wet. This is circumstantial evidence that it was raining outside. You are free to make such logical inferences in your determination of the facts in this case.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience from an established fact the existence or the nonexistence of some other fact. Circumstantial evidence is of no less value than direct evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence.

**Plaintiff's Proposed Jury Instruction No. 5**

**Sources**: Court's preliminary instructions.

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- the witness's demeanor;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 6**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.13; Ninth Circuit Pattern Jury Instruction No. 1.14; Third Circuit Pattern Jury Instruction No. 1.7.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## LAWYER INTERVIEWING WITNESS

It is proper for an attorney to meet with any witness in preparation for trial.

**Plaintiff's Proposed Jury Instruction No. 7**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.16.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

# EXPERT WITNESSES

You have heard from witnesses, namely, John Kilty, Sidney Binks, Vincent Culotta, William Gaut, and Joseph Stine, who gave opinions and testimony about certain subjects requiring special knowledge or skill. You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

**Plaintiff's Proposed Jury Instruction No. 8**

**Sources**: *See* FED. R. EVID. 602, 701-705. *See generally United States v. Mansoori*, 304 F.3d 635, 654 (7th Cir. 2002), cert. denied 538 U.S. 967, 123 S. Ct. 1761, 155 L.Ed.2d 522 (2003) (approving instruction to jury that "the fact an expert has given an opinion does not mean that it is binding upon you" and finding no prejudice where witness testified as both expert and fact witness); *United States v. Serafino*, 281 F.3d 327, 330-331 (1st Cir. 2002) (court mitigated "whatever special aura the jury might otherwise have attached to the term 'expert'" by instructing that expert testimony should be considered just like other testimony); *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 775 (6th Cir. 1989) (no error in failing to give jury instruction regarding speculative testimony by expert witness where jury was instructed that it must decide how much weight and credibility to give to expert opinion); *see also* Seventh Circuit Pattern Jury Instruction No. 1.21; Ninth Circuit Pattern Jury Instruction No. 2.13; Third Circuit Pattern Jury Instruction No. 2.11.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Plaintiff's Proposed Jury Instruction No. 9**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.18.

_____       Given
_____       Rejected
_____       Withdrawn
_____       Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

**Plaintiff's Proposed Jury Instruction No. 10**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.17; Ninth Circuit Pattern Jury Instruction 1.14; Third Circuit Pattern Jury Instruction No. 3.2.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Plaintiff's Proposed Jury Instruction No. 11**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.08; Ninth Circuit Pattern Jury Instruction No. 1.6;

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## DEMONSTRATIVE EXHIBITS

Certain summaries, charts, diagrams, and other demonstrative exhibits were shown to you to help explain other evidence that was admitted. These summaries, charts, diagrams, and other demonstrative exhibits are not themselves evidence or proof of any facts.

**Plaintiff's Proposed Jury Instruction No. 12**

**Sources**: *See* FED. R. EVID. 1006; FED. R. EVID. 611(A)(1); FED. R. EVID. 403; *United States v. Beckford*, 211 F.3d 1266 (4th Cir. 2000); *United States v. Salerno*, 108 F.3d 730, 744 (7th Cir. 1997) ("Demonstrative aids are regularly used to clarify or illustrate testimony."); *see also* Seventh Circuit Pattern Jury Instruction No. 1.08; Ninth Circuit Pattern Jury Instruction No. 2.14; Third Circuit Pattern Jury Instruction No. 2.8.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## THE PARTIES

The plaintiff in this case is Sabein Burgess. I will refer to him as the plaintiff.

The defendants in this case are Gerald Goldstein and Steven Lehmann, who are former employees of the Baltimore Police Department. I will refer to them as the defendants.

**Plaintiff's Proposed Jury Instruction No. 13**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## PREPONDERANCE OF THE EVIDENCE

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiff has to prove something by a preponderance of the evidence, I mean that he must prove that the particular proposition is more likely true than not true.

**Plaintiff's Proposed Jury Instruction No. 14**

**Sources**: *See In re Winship*, 397 U.S. 358, 371 (1970) (Harlan, J., concurring) ("preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence"); *see also* Seventh Circuit Pattern Jury Instruction No. 1.27; Ninth Circuit Pattern Jury Instruction 1.6; Third Circuit Pattern Jury Instruction No. 1.10.

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

## THE CLAIMS

The plaintiff has four claims under the United States Constitution and two claims under Maryland state law.

First, Plaintiff claims that both Defendants violated his federal and state constitutional due process rights to the pretrial disclosure of exculpatory or impeachment evidence.

Second, Plaintiff claims that Defendant Goldstein violated his federal and state constitutional due process rights by <u>fabricating</u> pretrial evidence.

Third, Plaintiff claims that Defendant Goldstein violated his federal constitutional rights against unreasonable seizures by causing or continuing his imprisonment and prosecution for murder without probable cause.

Fourth, Plaintiff claims that both defendants <u>failed to intervene</u> to prevent a constitutional violation.

Fifth, Plaintiff claims that Defendant Goldstein <u>maliciously prosecuted</u> him, in violation of Maryland law.

Sixth and finally, Plaintiff claims that both Defendants <u>intentionally inflicted emotional distress</u> on him.

The defendants deny each of the plaintiff's claims.

**Plaintiff's Proposed Jury Instruction No. 15**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**FIRST CLAIM – UNITED STATES CONSTITUTION
VIOLATION OF DUE PROCESS (SUPPRESSION OF EVIDENCE)
DEFENDANTS GOLDSTEIN AND LEHMANN**

The plaintiff's first claim is that defendants Goldstein and/or Lehmann violated his constitutional right to due process of law by failing to disclose evidence.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove the following things by a preponderance of the evidence:

1. The defendant failed to disclose or participated in the failure to disclose of material exculpatory and/or impeachment evidence;

2. The defendant acted in bad faith; and

3. The plaintiff was damaged as a result of the concealment.

I will now define some of the terms that I have just used.

"Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged.

"Impeachment" evidence is evidence that would undermine the credibility of a witness who testifies at the criminal trial.

Evidence is "material" when there is a reasonable likelihood that, had the evidence been disclosed to the plaintiff, it could have affected the outcome of his criminal case.

**Plaintiff's Proposed Jury Instruction No. 16**

**Sources**: *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 396-98 (4th Cir. 2014) (citing *Porter v. White*, 483 F.3d 1294, 1308 (11th Cir. 2007)); *Porter v. White*, 483 F.3d 1294, 1306–11 (11th Cir. 2007); *Barbee v. Warden, Md. Penitentiary,* 331 F.2d 842, 846-47 (4th Cir. 1964); *Monroe v. Angelone*, 323 F.3d 286, 299-300 (4th Cir. 2003); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001); *see also* Seventh Circuit Proposed 1983 Jury Instructions 7.14.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

## MEANING OF "MATERIAL"

To show that evidence that was not disclosed was "material," the plaintiff does not need to show that he likely would have been acquitted if the evidence was disclosed. Instead, the plaintiff need only show that the failure to disclose the evidence undermines confidence in the result of his criminal case.

The "materiality" inquiry is context-specific, meaning it takes into consideration the strength or weakness of the other evidence the State presented at trial. If the State's case against the plaintiff was weak, then there is a greater chance that the undisclosed evidence was material.

Finally, "materiality" is a collective inquiry, meaning that you must consider all of the undisclosed evidence together, rather than item by item.

**Plaintiff's Proposed Jury Instruction No. 17**

**Sources**: *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016); *Smith v. Cain*, 565 U.S. 73, 76 (2012); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U514 U.S. 419, 436, 441 (1995)l *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 398 (4th Cir. 2014); *Spicer v. Roxbury Correctional Inst.*, 194 F.3d 547, 560 (4th Cir. 1999).

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## INFERENCE OF BAD FAITH

In deciding whether a defendant acted in bad faith when failing to disclose evidence, you should consider the nature of the evidence that was not disclosed. If evidence is clearly exculpatory, you may infer that it is not likely to have been innocently or negligently withheld, and more likely to have been deliberately or recklessly withheld.


**Plaintiff's Proposed Jury Instruction No. 18**

**Sources**: *Jean v. Collins*, 221 F.3d 656, 663 (4th Cir. 2000).


_____       Given
_____       Rejected
_____       Withdrawn
_____       Objected to

## SECOND CLAIM – UNITED STATES CONSTITUTION
## VIOLATION OF DUE PROCESS (FABRICATION OF EVIDENCE)
## DEFENDANT GOLDSTEIN

The plaintiff's second claim is that defendant Goldstein violated his constitutional right to due process of law by fabricating evidence.

To succeed on this claim, the plaintiff must prove the following things by a preponderance of the evidence:

1. Defendant Goldstein fabricated or participated in the fabrication of material false evidence;

2. Defendant Goldstein acted in bad faith; and

3. The plaintiff was damaged as a result of the fabrication.

With regard to this claim, fabricated evidence is "material" when there is a reasonable likelihood that it could have affected the outcome of the plaintiff's criminal case.

**Plaintiff's Proposed Jury Instruction No. 19**

**Sources**: *Napue v. Illinois*, 60 U.S. 264, 269 (1959); *United States v. Agurs*, 427 U.S. 97, 103 (1976); *Washington v. Wilmore*, 407 F.3d 274, 282-83, 285 n.2 (4th Cir. 2005); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*); *Whitlock v. Brueggemann*, 682 F.3d 567, 582-85 (7th Cir. 2012); *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014); *see also* Seventh Circuit Proposed 1983 Jury Instruction 7.14; Ninth Circuit Proposed 1983 Jury Instruction 9.33.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

**THIRD CLAIM – UNITED STATES CONSTITUTION**
**MALICIOUS PROSECUTION/DETENTION WITHOUT PROBABLE CAUSE**
**DEFENDANT GOLDSTEIN**

The plaintiff's third claim is that defendant Goldstein caused and/or continued his imprisonment and prosecution for murder without probable cause.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.   Defendant Goldstein caused a criminal case to be commenced or continued against the plaintiff during which the plaintiff was incarcerated;

2.   The plaintiff was damaged as a result;

3.   There was no probable cause for the criminal case; and

4.   The criminal case terminated in the plaintiff's favor.

I will now define some of the terms that I have just used.

"Probable cause" exists if a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged—the murder of Michelle Dyson.

In this case, I instruct you that the fourth element of the claim has been proven. The criminal case against the plaintiff terminated in his favor.

**Plaintiff's Proposed Jury Instruction No. 20**

**Sources**: *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Gerstein v. Pugh*, 420 U.S. 103, 111-12 (1975); *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017); *Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012); *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996); *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

## MEANING OF PROBABLE CAUSE

Probable cause may not be based on false evidence or the deliberate or reckless omission of evidence. A law enforcement officer, who in the course of initiating or continuing a prosecution, knowingly or recklessly makes material false statements, fabricates material evidence, or fails to disclose material evidence, may not rely on the false or incomplete picture of the evidence to support probable cause.

**Plaintiff's Proposed Jury Instruction No. 21**

**Sources**: *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 n.8 (2017); *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986); *United States v. Leon*, 468 U.S. 897, 922–23& n. 24 (1984); *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 556 (4th Cir. 2017); *Miller v. Prince George's County*, 475 F.3d 621, 630 (4th Cir. 2007); *United States v. Colkley*, 899 F2d 297, 200 (4th Cir. 1990); *Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 846 (4th Cir. 1964).

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

## PROBABLE CAUSE REQUIRED FOR ARREST

You heard testimony about when a person is in custody, under arrest, constructive arrest, technical arrest, or detention. The law states that someone is in custody if a reasonable person in that position would have felt he or she was not at liberty to terminate the interview and leave.

Whether someone is in custody is an objective question, meaning it turns on what a reasonable person in those circumstances would think, not what Defendant Goldstein or the plaintiff thought. Probable cause does not depend on what is in the mind of a particular police officer. Nor are there degrees or levels of probable cause. Probable cause either exists or does not exist.

**Plaintiff's Proposed Jury Instruction No. 22**

**Sources**: *J.D.B. v. North Carolina*, 564 U.S. 261, 271, 131 S.Ct. 2394, 180 L.Ed.2d 310 (2011); *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); *United States v. Giddins*, 858 F.3d 870, 879–80 (4th Cir. 2017); *United States v. Hashime*, 734 F.3d 278, 282–83 (4th Cir. 2013).

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

**FOURTH CLAIM – UNITED STATES CONSTITUTION
FAILURE TO INTERVENE
DEFENDANTS GOLDSTEIN AND LEHMANN**

The plaintiff's fourth claim is that defendants Goldstein and/or Lehmann violated his constitutional rights by failing to intervene to stop harm caused by someone else.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more persons violated the plaintiff's constitutional rights;

2. The defendant you are considering knew that the plaintiff's constitutional rights were being or were about to be violated;

3. That defendant had a realistic opportunity to do something to prevent harm from occurring;

4. That defendant failed to take reasonable steps to prevent harm from occurring; and

5. That defendant's failure to act caused damage to the plaintiff.

**Plaintiff's Proposed Jury Instruction No. 23**

**Source**: *Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016); *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 477-78 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002); *see also* Seventh Circuit Pattern Jury Instruction 7.22.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## FIFTH CLAIM – MARYLAND LAW
## MALICIOUS PROSECUTION
## DEFENDANT GOLDSTEIN

The plaintiff's fifth claim is that defendant Goldstein maliciously caused him to be prosecuted for murder in violation of state law.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.    Defendant Goldstein caused a criminal case to be commenced or continued against the plaintiff;

2.    The plaintiff was damaged as a result;

3.    There was no probable cause for the criminal case;

4.    Defendant Goldstein acted with malice;

5.    The criminal case terminated in the plaintiff's favor; and

I will now define some of the terms that I have just used.

"Probable cause" exists if a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged—the murder of Michelle Dyson.

"Malice" does not mean "spite" or "hatred." Instead, a person acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged. You may infer that a person acted with malice if there was a lack of probable cause. You may also infer that a person acted with malice if the circumstances are inconsistent with actions made in good faith.

In this case, I instruct you that the fifth element of the claim has been proven. The criminal case against the plaintiff terminated in his favor.

**Plaintiff's Proposed Jury Instruction No. 24**

**Sources**: *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000); *DiPino v. Davis*, 729 A.2d 354, 373 (1999); *Montgomery Ward v. Wilson*, 664 A.2d 916, 922 (1995); *Exxon Corp. v. Kelly*, 381 A.2d 1146, 1149, 1152–53 (Md. 1978).

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

## MEANING OF MALICE

You may infer that a person acted with malice if the prosecution was initiated or continued upon weak and unsubstantial ground, for the accomplishment of any other object, aside from the prosecution of the actual perpetrator and the vindication of public justice.

**Plaintiff's Proposed Jury Instruction No. 25**

**Sources**: *Exxon Corp. v. Kelly*, 381 A.2d 1146, 1152–53 (Md. 1978).

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## SIXTH CLAIM – MARYLAND LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANTS GOLDSTEIN AND LEHMANN

The plaintiff's sixth claim is that the defendants intentionally caused him emotional distress.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant's conduct was so outrageous in character, and so extreme in degree, to exceed the bounds of decency;

2. The defendant intended to inflict emotional distress on the plaintiff or knew there was a high probability that his conduct would do so; and

3. The defendant's conduct caused the plaintiff emotional distress so severe that no reasonable person could be expected to endure it.

**Plaintiff's Proposed Jury Instruction No. 26**

**Sources**: *Harris v. Jones*, 380 A.2d 611 (Md. 1977); *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 74 (Md. 1991); *Kentucky Fried Chicken National Mgmt. Co. v. Weathersby*, 607 A.2d 8 (Md. 1992).

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## MEANING OF EXTREME AND OUTRAGEOUS

An important factor in considering whether conduct is extreme and outrageous is whether a defendant abused a position of authority, for the extreme and outrageous character of the defendant's conduct may arise from his abuse of a position, or relating with another person, which gives him actual or apparent authority over him, or power to affect his interests.

Police officers have positions of authority and you may find that abusing that authority is extreme and outrageous. The use of false evidence by police officers to obtain a conviction violates any concept of ordered liberty.


**Plaintiff's Proposed Jury Instruction No. 27**

**Sources**: *Harris v. Jones*, 380 A.2d 611, 615-16 (Md. Ct. App. 1977); Restatement (2d) of Torts § 46, cmt. (e); *Napue v. Illinois*, 360 U.S. 264 (1959).

_____      Given
_____      Rejected
_____      Withdrawn
_____      Objected to

**DAMAGES**

The plaintiff is requesting compensatory damages.

If you find in favor of the plaintiff against one or more of the defendants on one or more of the plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the defendants on all of the plaintiff's claims, then you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 28**

**Sources**: Seventh Circuit Pattern Jury Instruction 7.23; Ninth Circuit Pattern Jury Instruction 5.1.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate the plaintiff for his injuries caused by the defendants' wrongful conduct. This is called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following type of compensatory damages:

Any physical, mental, or emotional pain and suffering and loss of a normal life that the plaintiff has experienced and is likely to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for any injury he has sustained.

**Plaintiff's Proposed Jury Instruction No. 29**

**Sources**: *Memphis Community School District v. Stachura*, 477 U.S. 299, 306 (1986) (observing that "out-of-pocket loss and other monetary harms [and] impairment of reputation ..., personal humiliation, and mental anguish and suffering" were types of injuries for which compensatory damages may be recovered pursuant to Section 1983"); *Price v. City of Charlotte, N.C.,* 93 F.3d 1241, 1246 (4th Cir. 1996); *see also* Seventh Circuit Pattern Jury Instruction 7.23; Ninth Circuit Pattern Jury Instruction No. 5.2; Third Circuit Proposed 1983 Instruction No. 3.8.1.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**FINAL INSTRUCTIONS**

You must not be influenced by anything you may have seen or heard outside the courtroom regarding this case. You are in the best position of anyone to listen to have listened to what the witnesses testify to. You are instructed not to read, listen to, or watch news media reports concerning the case. You are also not to use Facebook, Twitter, MySpace, LinkedIn, or any other social networking site to share or discuss any information about the case.

In this age of the Internet, you are not to do any research of your own on the evidence or on the law. The only evidence you may consider is the evidence that was admitted in this courtroom during the trial.

You will not receive a copy of the trial transcript in this case; thus your recollection of the evidence controls. You will, however, have all of the exhibits with you in the jury room.

**Plaintiff's Proposed Jury Instruction No. 30**

**Sources**: Court's preliminary instructions.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## COMMUNICATION WITH THE COURT

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 4-4, or 6-2, or whatever your vote happens to be.

**Plaintiff's Proposed Jury Instruction No. 31**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.33; Ninth Circuit Pattern Jury Instruction No. 3.3; Third Circuit Pattern Jury Instruction 3.1.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

**GENERAL VERDICT**

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

**Plaintiff's Proposed Jury Instruction No. 32**

**Sources**: Seventh Circuit Pattern Jury Instruction No. 1.32; Ninth Circuit Pattern Jury Instruction No. 3.5; Third Circuit Pattern Jury Instruction No. 3.1.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The eight of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Plaintiff's Proposed Jury Instruction No. 33**

**Sources**: *Johnson v. Louisiana*, 406 U.S. 356, 369-70 n.5 (1972) (jury verdict in federal civil case must be unanimous); *see also* Fed. R. Civ. P. 48(b); Seventh Circuit Pattern Jury Instruction No. 1.34; Ninth Circuit Pattern Jury Instruction No. 3.1; Third Circuit Pattern Jury Instruction No. 3.4.

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

<u>**CERTIFICATE OF SERVICE**</u>

I, Tony Balkissoon, an attorney, hereby certify that on November 19, 2017, I filed the foregoing Proposed Jury Instructions using the Court's CM/ECF system, which effected service on all counsel of record.

RESPECTFULLY SUBMITTED,

/s/ Tony Balkissoon
Tony Balkissoon
LOEVY & LOEVY
311 N. Aberdeen, 3rd FL
Chicago, Illinois 60607
(312) 243-5900 (tel.)
(312) 243-5902 (fax)

*One of Plaintiff's Attorneys*