IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SABEIN BURGESS,                          *

     Plaintiff                          *

v.                                       *        Civil Action No.: RDB-15-00834

OFFICERS OF THE BALTIMORE                *
POLICE DEPARTMENT,

                         *

     Defendants.                        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

    Defendants, Gerald Alan Goldstein and Steven Lehmann (the "Defendants"), by and through their attorneys, requests the Court to charge the jury with the attached Jury Instructions at the close of all evidence in this case.

## **Description of the Case**

    Mr. Burgess was tried and convicted for the murder of his girlfriend, Michelle Dyson. After new evidence surfaced, Mr. Burgess was released from prison. Mr. Burgess's position in this case is that the actions of the Defendants caused him to be convicted of and incarcerated for that murder. Defendants maintain that Mr. Burgess was properly investigated and that they did nothing wrong.

## Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty if you were to base a verdict upon any other view of the law than that which I give you.

Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, 4 <u>Modern Federal Jury Instructions - Civil</u>, Instruction § 71.2 (hereinafter "Sand").

## Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not either party has proven its case.

I also ask you to draw no inference if upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

Sand, 71-3

**<u>Juror Oath</u>**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and solely upon the evidence in the case and the applicable law.

Sand, 71-4

### Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Sand, 71-6

## **Burden of Proof**

     This is a civil case and as such the plaintiff, Sabein Burgess has the burden of proving the material allegations of his complaint by a preponderance of the evidence and bad faith by clear and convincing evidence.


Sand, 73-1 (modified)

### Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—it must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

Sand, 73-2

## Clear and Convincing Evidence

The party with the burden of proof on the issue of bad faith has the burden of proving all of the elements of his claim on that issue to you by clear and convincing evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by clear and convincing evidence, you must decide against him on the issue  you are considering.

What does "clear and convincing evidence" mean?  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.  On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind, not only that the proposition at issue is probable, but also that it is highly probable.  It is enough if the party with this burden of proof establishes its claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

Sand, 73-3

## **What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose— such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and will say in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Sand, 74-1

**<u>Depositions</u>**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Sand, 74-14

**<u>Inference Defined</u>**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The one party asks you to draw one set of inferences, while the other party asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Sand, 75-1

## **Witness Credibility**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.   You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?   You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

Sand, 76-1

**<u>Absence of Evidence</u>**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.


Sand, Siffert, Reiss & Batterman, <u>Modern Federal Jury Instructions - Civil</u>, 7th Cir. 1.18 ("Sand, 7th Cir.").

## **Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number.  You need not accept the testimony of the larger number of witnesses.

Sand, 7th Cir. 1.17

## **Bias**

  In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Sand, 76-2

## **Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Sand, 76-3

## Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

Sand, 76-4

## Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Sand, 76-5

### Expert Witnesses

In this case, I have permitted a witness to express his opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Sand, 76-9 (modified)

## **Writ of Actual Innocence**

A person charged by indictment or criminal information with a crime triable in circuit court and convicted of that crime may, at any time, file a petition for writ of actual innocence in the circuit court for the county in which the conviction was imposed if the person claims that there is newly discovered evidence that:

  (1) creates a substantial or significant possibility that the result may have been different, as that standard has been judicially determined; and

  (2) could not have been discovered in time to move for a new trial.

Md. Code, Crim. Proc. § 8-301(a).

If a State's Attorney determines the petitioner was actually innocent, he or she may certify that the conviction was an error. However, the decision to grant the Petition alone is not a determination of the petitioner's actual guilt or innocence.

Md. Code, Crim. Proc. § 8-301(h).

## **Unalleged Claims**

You will be instructed on the law with regard to specific causes of action (or claims) which have been alleged by Mr. Burgess in this case. In rendering a verdict, it is important that you consider only those specific claims. It is inappropriate for you to consider any other potential claims, even if alluded to by plaintiff's counsel during the course of this litigation.

"Pretrial orders are designed to expedite litigation and eliminate surprise by framing the issues remaining for trial." *Perfection-Cobey Co., Div. of Harsco Corp. v. City Tank Corp.*, 597 F.2d 419, 420 (4th Cir. 1979). A party's "[f]ailure to identify a legal issue worthy of trial in the pretrial conference or pretrial order waives the party's right to have that issue tried." *McLean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 480 (4th Cir. 2002) (citing to Fed. R. Civ. P. 16, advisory notes which state, in part, "[C]ounsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue to the court, the right to have the issue tried is waived."). A pretrial order "controls the subsequent course of the action" and courts may restrict parties' "proof at trial to the issues set forth in the pretrial order." 6 Wright & Miller, Federal Practice & Procedure, §§ 1526, 1527 (3d ed.).

*Mullins v. Mayor & City Council of Baltimore*, No. TJS-14-2698, 2017 WL 3394763, at *3 (D. Md. Aug. 8, 2017)

**General 42 U.S.C. § 1983 Instructions**

Mr. Burgess must prove both of the following elements by a preponderance of the evidence:

1)  The Defendant(s) acted under color of state law.

2)  While acting under color of state law, the Defendant(s) deprived Mr. Burgess of a federal constitutional right.

*See* Model Civ. Jury Instr. 3rd Cir. 4.3 (2015).

<u>**Count I - 42 U.S.C. § 1983 Violation of Due Process**</u>
**Definition of a "*Brady*" Claim**

You may hear references to a "*Brady*" claim, which refers to plaintiff's allegations that one or more of the Defendants violated Mr. Burgess's constitutional rights as defined in a case called *Brady v. Maryland*.

In *Brady v. Maryland*, the United States Supreme Court stated that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." 373 U.S. 83.87 (1963).

In order to facilitate the obligation of the prosecution to produce such evidence, it is the role of police officers to disclose exculpatory evidence to the prosecutor. *See Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 846 (4th Cir. 1964). Once the evidence has been delivered to the prosecutor, the police have satisfied their disclosure obligation. *See Walker v. City of New York*, 974 F.2d293, 298-99 (2d Cir. 1992).

**Count I - 42 U.S.C. § 1983 Violation of Due Process**
**Withholding Exculpatory Evidence**

The Fourteenth Amendment prohibits states from depriving any person of his liberty without first affording him "due process of law" by means of a fair trial.

Mr. Burgess must prove violations of his due process rights through malicious, intentional acts established by evidence strong enough to "negate any negligent or innocent explanation for the actions on the part of the police."

Mr. Burgess alleges that the Defendant(s) violated his right to due process of law by means of a fair trial by withholding exculpatory evidence.

To be entitled to relief on his violation of due process claim, Mr. Burgess must prove that:

(1) The evidence is favorable to the criminal defendant;

(2) The officer suppressed the evidence in bad faith; and

(3) Prejudice ensued.

*See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396-97 (4th Cir. 2014)

## Count I - 42 U.S.C. § 1983 Violation of Due Process
### Absolute Immunity

Absolute immunity means that, when a prosecutor or non-prosecutor engages in conduct that is "intimately associated with the judicial phase of the criminal process," there can be no civil suit against him or her for that conduct. In determining whether a police officer is entitled to absolute immunity, you must examine the objective nature of the function performed by the officer at the time of his or her conduct, rather than his or her subjective intent. Acts by a police officer that are reasonably within the functions of the prosecutor, including his or her testimony at trial, are protected by absolute immunity.

*Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ("Absolute immunity bars a civil suit against a prosecutor for conduct that is 'intimately associated with the judicial phase of the criminal process.'").

*Golian v. New York City Administration for Children Services*, 2017 WL 4621296, *4 (S.D.N.Y. Oct. 16, 2017). ("[A]bsolute immunity also extends to non-prosecutor officials when they are performing 'functions analogous to those of a prosecutor.'").

*Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (In determining whether a police officer is entitled to absolute immunity, you must examine the nature of the function performed by the officer at the time of his or her conduct).

*Zanfardino v. City of New York*, 230 F. Supp. 3d 325, 333 (S.D.N.Y. 2017) (quotations omitted). ("The 'functional test' for absolute immunity is an objective one; it does not depend on the state actor's subjective intent.").

*Briscoe v. LaHue*, 460 U.S. 325, 334-35 (1983) (Testimony of a police officer at trial is protected by absolute immunity.)

### Count I  - 42 U.S.C. § 1983 Violation of Due Process
### Qualified Immunity

An officer's actions in performing their official law enforcement functions are subject to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 244-45 (2009). As such, Mr. Burgess bears the burden of showing that each Defendant:

(1)  violated a constitutional right; and

(2)  the right was clearly established at the time of the alleged conduct. *City & Cty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1774 (2015).

In this Circuit, there is no clearly established right to exculpatory evidence once the defendant is convicted.  *See Casey v. Hurley*, 671 Fed. Appx. 137 (4th Cir. 2016) (citing *Dist. Atty's Office for the Third Jud. Dist. v. Osborne*, 557 U.S. 52 (2009).

## Count I  - 42 U.S.C. § 1983 Violation of Due Process
### Scope of Brady Claims as they Apply to Police

"The Supreme Court has always defined the *Brady* duty as one that rests with the prosecution." *Jean v. Collins*, 221 F.3d 656, 660 (4th Cir. 2009) (Wilkerson, C.J., concurring in the judgment, affirming by an equally divided en banc court).

"The law has already placed ultimate responsibility upon the prosecutor for disclosing *Brady* material to the defense. When *Brady* violations occur, criminal defendants may have their convictions overturned. Because police knowledge is plainly imputed to the prosecution for purposes of the prosecutor's *Brady* duties… the prosecutor bears the responsibility for implementing procedures designed to ensure that police officers turn over all evidence to him."

Therefore, absent bad faith on the part of the officer, it is "impermissible to hold the police liable for due process violations under § 1983." *Jean v. Collins*, 221 F.3d at 660.

### Count I  - 42 U.S.C. § 1983 Violation of Due Process Failure of Mr. Burgess's Criminal Defense Counsel to Exercise Reasonable Diligence

Where "exculpatory information is not only available to the defendant, but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the *Brady* doctrine." *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990); *see also Barnes v. Thompson*, 58 F.3d 971, 975-76 (4th Cir. 1995).

This is particularly true where the criminal defendant actually knew of the exculpatory information. "Aware of the existence of potentially exculpatory information, a defendant cannot sit idly by in the hopes that the prosecution will discover and disclose that information and, when the prosecution does not do so, seize upon the prosecution's conduct as grounds for *habeas* relief." *Stockton v. Murray*,  41 F.3d 920, 927 (4th Cir. 1994).

## Count I  - 42 U.S.C. § 1983 Violation of Due Process
### Bad Faith

A civil suit against a police officer for withholding evidence requires a showing of bad faith. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396-97 (4th Cir. 2014).

"'[B]ad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999) (citing Black's Law Dictionary 139 (6th ed.1990)).

Mr. Burgess must establish bad faith on the part of the defendants by clear and convincing evidence. *Muhammed v. Bernstein*, 2013 WL 3177864, *6 (D. Md. June 21, 2013) (citing *Higgins v. Diversey Corp.*, 998 F. Supp. 598, 605 (D. Md. 1997)).

## **Count I  - 42 U.S.C. § 1983 Violation of Due Process**
### **Materiality**

"[T]he suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." *Brady v. Maryland*, 373 U.S. 83.87 (1963).

The United States Supreme Court has held that this "materiality" element means that *Brady* is violated "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id*. at 682.

*Brady* does not require the prosecutor to "deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675 (1985).

**Count I - 42 U.S.C. § 1983 Violation of Due Process**
**Deliberate Fabrication of Evidence**

The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the defendant. In this case, Mr. Burgess alleges one of more Defendants deprived him of his rights under the Fourteenth Amendment to the Constitution by fabricating evidence.

In order for the plaintiff to prevail on his due process claim for deliberate fabrication of evidence, Mr. Burgess must prove the following additional element by a preponderance of the evidence:

(1) The Defendant(s) deliberately fabricated evidence that was used to convict the plaintiff;

(2) The Defendant(s) continued his investigation of the plaintiff despite the fact that he knew, or was deliberately indifferent to the plaintiff's innocence, and the results of the investigation was used to convict the plaintiff; or

(3) The Defendant(s) used investigative techniques that were so coercive and abusive that he knew, or was deliberately indifferent, that those techniques would yield false information that was used to convict the plaintiff.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

*See* Model Civ. Jury Instr. 9th Cir. 9.29.

31

**<u>Count II - 42 U.S.C. § 1983 Malicious Prosecution</u>**
**Elements of Liability**

To establish this §1983 claim of malicious prosecution, Mr. Burgess must prove the following elements by a preponderance of the evidence:

(1) The Defendant(s) initiated the criminal proceeding against Mr. Burgess;

(2) The Defendant(s) lacked probable cause to initiate the proceeding;

(3) The criminal proceeding ended in Mr. Burgess's favor;

(4) The Defendant(s) acted with reckless disregard for the truth; and

(5) As a consequence of the proceeding, Mr. Burgess suffered a significant deprivation of liberty.

Because Mr. Burgess was released after being detained for questioning on October 5-6, 1994 and such detainment did not result in the initiation of criminal proceedings against Mr. Burgess, such detainment cannot support a claim for malicious prosecution.

*Humbert v. Mayor & City Council of Baltimore*, 866 F.3d 546, 556 (4th Cir. 2017); *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181-183 (1996).

## Count II - 42 U.S.C. § 1983 Malicious Prosecution
**Probable Cause**

To determine whether probable cause existed, you should consider whether the facts and circumstances available to the Defendant(s) would warrant a prudent person in believing that Mr. Burgess had committed the following three crimes, for which he was subsequently convicted: (1) Murder of Michelle Dyson; (2) Unlawful use of a handgun in the commission of a felony or crime of violence; and (3) Unlawful wearing, carrying or transporting of a handgun.

Probable cause requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt. The standard of probable cause represents a balance between the individual's right to liberty and the government's duty to control crime. Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable officers.

Mr. Burgess was indicted by a grand jury. The indictment establishes that there was probable cause to initiate the proceeding unless Mr. Burgess proves by a preponderance of the evidence that the indictment was obtained by fraud, perjury or other corrupt means.

*See* Model Civ. Jury Instr. 3rd Cir. 4.13 (2015)

## Counts II - 42 U.S.C. § 1983  Malicious Prosecution
### Elements of Each Crime

Mr. Burgess's arrest, prosecution, and imprisonment were lawful if the officers had probable cause that the elements of the following crimes were met:

(1) Murder - That Mr. Burgess, on the 5th day of October, 1994, at 2703 Barclay Street, feloniously (willfully and of deliberately premeditated malice aforethought) did kill (and murder) Michelle Yvette Dyson against the peace, government, and dignity of the State.

(Art. 27, Sec. 616, 1992)

(2) Unlawful use of handgun in the commission of a crime - That Mr. Burgess used a handgun capable of being concealed on his person in the commission of any felony or any crime of violence as defined in § 441 of this Article.

(Art. 27, Sec. 36B(d), 1992)

a. § 441 of the Article defines a "crime of violence" to mean: abduction; arson; burglary, including common-law and all statutory and storehouse forms of burglary offenses; escape; housebreaking; kidnapping; manslaughter, excepting involuntary manslaughter; mayhem; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; and sodomy; or an attempt to commit any of the aforesaid offenses; or assault with intent to commit any other offense punishable by imprisonment for more than one year.

(Art. 27, Sec. 441(e), 1992)

(3) Unlawful wearing, carrying, or transporting of handguns - That Mr. Burgess wore, carried or transported any handgun, whether concealed or open, upon or about his person.

(Art. Sec. 36B(b), 1992)

## Count II - 42 U.S.C. § 1983 Malicious Prosecution
### Malice

As to the fourth element of the malicious prosecution claim, Mr. Burgess must prove that in initiating the proceeding, the Defendant(s) acted out of spite, or that the Defendant(s) did not believe that the proceeding was proper, or that the Defendant(s) initiated the proceeding for a purpose unrelated to bringing Mr. Burgess to justice.

*See* Model Civ. Jury Instr. 3rd Cir. 4.13 (2015).

**Count III – 42 U.S.C. § 1983 Failure to Intervene**
**Elements of Liability**

To succeed on his failure to intervene claim, Mr. Burgess must prove each of the following things by a preponderance of the evidence:

(1) One or multiple particular persons did in fact commit one or both of the primary violations of Mr. Burgess's federal constitutional rights by maliciously initiating prosecution against Mr. Burgess without probable cause, fabricating evidence, or maliciously withholding exculpatory evidence;

(2) Defendant(s) knew that this/these person(s) was/were about to commit the violation(s) of Mr. Burgess's constitutional rights;

(3) Defendant(s) had a realistic opportunity to do something to prevent harm from occurring;

(4) Defendant(s) failed to take reasonable steps to prevent harm from occurring;

(5) Defendant(s)' failure to act caused Mr. Burgess to suffer harm.

*See* Fed. Civ. Jury Instr. 7th Cir. 7.16 (2010).

**§ 1983 – Compensatory Damages**
**General Instructions**

If you find the Defendant(s) liable, then you must consider the issue of compensatory damages. You must award Mr. Burgess an amount that will fairly compensate him for any injury he actually sustained as a result of the Defendant's conduct.

Mr. Burgess must show that the injury would not have occurred without the Defendant's acts or omissions. Mr. Burgess must also show that Defendant's acts or omissions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendant's act or omission.

There can be more than one cause of an injury. To find that the Defendant's act [or omission] caused Mr. Burgess's injury, you need not find that the Defendant's act [or omission] was the nearest cause, either in time or space. However, if Mr. Burgess's injury was caused by a later, independent event that intervened between the Defendant's act [or omission] and Mr. Burgess's injury, the Defendant is not liable unless the injury was reasonably foreseeable by the Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Mr. Burgess has the burden of proving compensatory damages by a preponderance of the evidence.

*See* Fed. Civ. Jury Instr. 3d Cir. 4.8.1 (2016).

## No Lost Wages Claim

Mr. Burgess is not asserting a claim for lost wages.

## § 1983 – Compensatory Damages
### Factors

Mr. Burgess claims that he suffered tremendous damage resulting from his 20 years of incarceration including emotional pain and suffering, economic losses, physical sickness and injury, and various other damages. In assessing damages, you should consider:

- Emotional and mental harm to Mr. Burgess during his incarceration, including fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiff is reasonably certain to experience in the future.

- The reasonable value of each day of confinement after the time Mr. Burgess would have been released if Defendant(s) had not taken the actions that Mr. Burgess alleges.

In assessing damages, you must not consider attorney fees or the costs of litigating this lawsuit. Attorney fees and costs, if relevant at all, are for the judge and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

*See* Fed. Civ. Jury Instr. 3d Cir. 4.8.1 (2016).

**Count IV - Malicious Prosecution Under Maryland Law**
**Elements of Liability**

Malicious prosecution is the starting or continuing of a criminal proceeding with malice and without probable cause, against another, where the proceeding terminates in favor of the other person.

Because Mr. Burgess was released after being detained for questioning on October 5-6, 1994 and such detainment did not result in the initiation of criminal proceedings against Mr. Burgess, such detainment cannot support a claim for malicious prosecution.


MPJI-Cv 17:1 (2017); *Humbert v. Mayor & City Council of Baltimore*, 866 F.3d 546, 556 (4th Cir. 2017); *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181-183 (1996).

**<u>Count IV - Malicious Prosecution Under Maryland Law</u>**
**Responsibility for Starting Criminal Proceeding**

A person is responsible for starting a criminal proceeding who:

(1)     directs or requests a prosecution based on information that the person knows is false;   or

(2)     withholds information that a reasonable person would realize might affect the decision to prosecute; or

(3)     gives inaccurate or incomplete information to those who prosecute.

MPJI-Cv 17:2 (2017)

## Count IV - Malicious Prosecution Under Maryland Law
### Malice

A person acts with malice if a purpose in starting a prosecution is other than bringing an offender to justice. Malice may not be inferred from the absence of probable cause when a law enforcement officer institutes a criminal proceeding.

*See* MPJI-cv 17:4 (2017)

## <u>Count IV - Malicious Prosecution Under Maryland Law</u>
### Elements of Each Crime

Mr. Burgess's prosecution was lawful if the officer who sought the issuance of charges had probable cause that the elements of any of the following crimes were met:

(1) Murder - That Mr. Burgess, on the 5th day of October, 1994, at 2703 Barclay Street, feloniously (willfully and of deliberately premeditated malice aforethought) was responsible for the murder of Michelle Yvette Dyson against the peace, government, and dignity of the State.

(Art. 27, Sec. 616, 1992)

(2) Unlawful use of handgun in the commission of a crime - That Mr. Burgess used a handgun capable of being concealed on his person in the commission of any felony or any crime of violence as defined in § 441 of this Article.

(Art. 27, Sec. 36B(d), 1992)

    a. § 441 of the Article defines a "crime of violence" to mean: abduction; arson; burglary, including common-law and all statutory and storehouse forms of burglary offenses; escape; housebreaking; kidnapping; manslaughter, excepting involuntary manslaughter; mayhem; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; and sodomy; or an attempt to commit any of the aforesaid offenses; or assault with intent to commit any other offense punishable by imprisonment for more than one year.

(Art. 27, Sec. 441(e), 1992)

(3) Unlawful wearing, carrying, or transporting of handguns - That Mr. Burgess wore, carried or transported any handgun, whether concealed or open, upon or about his person.

(Art. Sec. 36B(b), 1992)

## Count VIII - Intentional Infliction of Emotional Distress
### Elements of Liability

A defendant whose conduct is intentional or reckless and is extreme and outrageous and that causes the plaintiff severe emotional distress is liable for damages caused by that conduct.

For conduct to be intentional or reckless, the defendants must either:

(1) desire to inflict severe emotional distress, or

(2) know that such distress is substantially certain to result in such conduct, or

(3) act recklessly in deliberate disregard of a high degree of probability that emotional distress will follow.

The Plaintiff's claim for intentional infliction of emotional distress relates to and must be associated with the underlying constitutional claims and common law claims in the litigation.

MPJI-Cv 15:12 (2017); *see also* Mem. Op. (ECF No. 311), at p. 48.

**Count X – Violation of Article 24 of the Maryland Declaration of Rights**
Generally

The elements of a claim for violation of plaintiff's rights under the Maryland Declaration of Rights are as follows:

(1) Defendants performed acts that operated to deprive plaintiff of one or more of plaintiff's rights under the Maryland Declaration of Rights, as defined and explained in these instructions; and

(2) Defendant's acts were the proximate cause of damages sustained by plaintiff.

MPJI-Cv 28:1 (2017)

**Count X – Violation of Article 24 of the Maryland Declaration of Rights**
Unlawful Arrest or Seizure of Person

Under Article 24 of the Maryland Declaration of Rights, no person may be deprived of liberty without due process of law. This means that a person may not be arrested without probable cause for such an arrest. Probable cause exists where the facts and circumstances within the knowledge of the officer at the time of the arrest are sufficient to warrant the officer's belief that the arrestee committed a criminal offense, taking into account the officer's experience and expertise.

To recover under Article 24, a plaintiff must prove:

(1) that there was an arrest or seizure of plaintiff's person; and

(2) that defendants acted outside the bounds of their lawful authority in making the arrest or seizure.

MPJI-Cv 28:2 (2017)

Article 24 of the Maryland Declaration of Rights states that "No man ought to be taken or imprisoned or deceived [sic] of his freehold liberties or privileges or outlawed or exiled or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or by the law of the land."

The analysis for an Article 24 violation follows the analysis used for claims under the Fourteenth Amendment to the United States Constitution. Whether the Defendant(s) violated Mr. Burgess's rights under Article 24 will be determined by the same analysis you use to determine whether the Defendant(s) violated Mr. Burgess's rights under the due process clause of the Fourteenth Amendment.

*See Beall v. Holloway-Johnson*, 446 Md. 48, 68, 130 A.3d 406, 417 (2016)

45

### **Count X – Violation of Article 24 of the Maryland Declaration of Rights**
Standard of Conduct

The reasonableness of defendant's actions must be judged objectively from the perspective of a reasonable police officer in the position of the defendant at the time.

Factors that should be considered in determining reasonableness include what the officer believed at the time of the incident. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are uncertain. Therefore, in examining plaintiff's claims, you should look at the situation from the perspective of the defendant on the scene taking into consideration all the circumstances that you find to have existed at the time as defendant knew them.

As the finders of fact in this case, when considering whether the actions of defendant were reasonable or unreasonable and excessive, you should consider all of the testimony and evidence in the case, and it is your task to decide the facts of the case where there are competing or disputed renditions of the facts.

MPJI-Cv 28:6 (2017)

### **Counts IV, VIII, and X**
Immunity – Malice

A defendant acts with malice if considering the circumstances the defendant's conduct was motivated by ill will or by an improper motive.

MPJI-Cv 28:9 (2017)

### Gunshot Residue Instruction

The gunshot residue evidence in this case has been presented by the Plaintiff in support of his claim for damages based on his alleged innocence. It has not been offered and cannot be considered in deciding liability against the Defendants.

Respectfully submitted,

_____/s/_____

Neil E. Duke, Bar No. 14073
nduke@bakerdonelson.com
Kelly M. Preteroti, Bar No. 28231
kmpreteroti@bakerdonelson.com
Christopher C. Dahl, Bar No. 29649
cdahl@bakerdonelson.com
Thomas H. Barnard, Bar No. 27488
tbarnard@bakerdonelson.com
Elizabeth J. Cappiello, Bar No. 29185
ecappiello@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
Baltimore, Maryland 21202
(410) 685-1120
(443) 263-7598 – Fax

**_Counsel for Defendants, Gerald Alan
Goldstein and Steven Lehmann_**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2017, a copy of the foregoing

Defendants' Proposed Jury Instructions was served on all counsel of record via the Court's

CM/ECF filing system.

_____/s/_____

Christopher C. Dahl