UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>RICHARD D. BENNETT<br>UNITED STATES DISTRICT JUDGE<br>NORTHERN DIVISION | U.S. COURTHOUSE - CHAMBERS 5D<br>101 W. LOMBARD STREET<br>BALTIMORE, MD 21201<br>TEL: 410-962-3190<br>FAX: 410-962-3177 |

November 21, 2017

LETTER ORDER

To Counsel of Record:    *Burgess v. Baltimore Police Department, et al.*
Civil Action No. RDB-15-0834

Dear Counsel:

On November 20, 2017, the Defendants filed a Motion for Judgment as a Matter of Law (ECF No. 352) under Rule 50 of the Federal Rules of Civil Procedure, and the Plaintiff filed a Response (ECF No. 353).

This Court heard argument on the same day and held that the motion (ECF No. 352) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, for the reasons set forth on the record, this Court held that:

1. The motion is GRANTED as to:
    a. all claims against Defendant Steven Lehmann;
    b. Count III (failure to intervene) against Defendant Gerald Goldstein;
    c. Plaintiff's claim under Count I (federal due process) that Defendant Goldstein fabricated the gas tank test;
    d. Plaintiff's claim under Counts II (§1983 malicious prosecution) and VI (state law malicious prosecution) that Defendant maliciously prosecuted the Plaintiff by fabricating the gas tank test.

2. The motion is DENIED as to:
    a. Plaintiff's claims under Counts I (federal due process) and X (state due process) that Defendant Goldstein withheld (i) evidence that Brain Rainey was an exculpatory witness and (ii) other exculpatory information provided by the FBI as recited in Plaintiff's Exhibits 121 and 122;
    b. Plaintiff's claims under Counts I (federal due process) and X (state due process) that Defendant Goldstein fabricated a police report;
    c. Plaintiff's malicious prosecution claims under Counts II (§1983) and VI (state law) based upon the suppression and/or fabrication of evidence other than the gas tank test;

1

<u>Burgess v. Baltimore Police Department, et al.</u>
Civil Action No. RDB-15-0834

   d. Plaintiff's intentional infliction of emotional distress claim under Count VIII against Defendant Goldstein;

3. **JUDGMENT** is to be entered in the favor of Defendant Steven Lehmann.

Later in the same hearing but subsequent to this Court's rulings on the Rule 50 Motion, the Plaintiff voluntarily **DISMISSED** Count VI (malicious prosecution under state law) against Defendant Goldstein.

In summary, the following claims against Defendant Goldstein will be submitted to the jury:
1. Plaintiff's claim under Counts I (federal due process) and X (state due process) that Defendant Goldstein withheld (a) evidence that Brain Rainey was an exculpatory witness and (b) other exculpatory information provided by the FBI as recited in Plaintiff's Exhibits 121 and 122;
2. Plaintiff's claim under Counts I (federal due process) and X (state due process) that Defendant Goldstein fabricated a police report;
3. Plaintiff's claim under Count II that Defendant Goldstein maliciously prosecuted Plaintiff through the suppression and/or fabrication of evidence other than the gas tank test; and
4. Plaintiff's intentional infliction of emotional distress claim under Count VIII.

Notwithstanding the informal nature of this letter, it is an Order of this Court and the Clerk is directed to docket it as such.


            Sincerely,


            __/s/_____
            Richard D. Bennett
            United States District Judge