# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABEIN BURGESS, | * | |
| *Plaintiff,* | * | |
| | * | Civil Case No. RDB-15-0834 |
| v. | * | |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | * | |
| | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Sabein Burgess ("Plaintiff" or "Mr. Burgess") filed this lawsuit against, *inter alia*, Defendant Gerald Goldstein ("Mr. Goldstein"), other individual officers of the Baltimore Police Department ("BPD"), and the BPD itself, alleging various claims under 42 U.S.C. § 1983, Article 24 of the Maryland Declaration of Human Rights, and Maryland common law (ECF Nos. 1, 141.) Of relevance here, Mr. Burgess alleged in Count V of the Amended Complaint (ECF No. 141) that the BPD had instituted an unconstitutional policy or practice, as prohibited by *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). On March 23, 2016, this Court bifurcated Count V and stayed discovery pending the outcome of the remaining claims. (ECF No. 68.) Eventually, four claims proceeded to trial as to one Defendant, Mr. Goldstein.[1] Ultimately, the jury found in Plaintiff's favor and awarded him a $15,000,000.00 Judgment against the sole remaining Defendant, Mr. Goldstein, who appealed

---

[1] At the close of Plaintiff's case, this Court granted in part the Defendants' Judgment as a Matter of Law, dismissing all claims against Defendant Lehman. As a result, Mr. Goldstein became the sole remaining Defendant.

1

the verdict. The United States Court of Appeals for the Fourth Circuit dismissed the appeal, without prejudice, holding that it lacked jurisdiction because the *Monell* claim remained pending before this Court.

Now pending is Defendant's Motion to Dismiss the Remaining *Monell* Claim (ECF No. 427). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 427) is GRANTED. Count V of the Amended Complaint (ECF No. 141) is DISMISSED WITH PREJUDICE.

## BACKGROUND

The background of this case has been discussed previously in several Memorandum Opinions of this Court. (*See* ECF Nos. 55, 311, 413). This Memorandum Opinion focuses on the procedural posture of this case, as this Court now faces an essentially procedural issue. On March 23, 2015, Plaintiff Sabein Burgess commenced this lawsuit against, *inter alia*, Defendant Gerald Goldstein and other individual officers of the Baltimore Police Department ("BPD") alleging various claims under 42 U.S.C. § 1983, Article 24 of the Maryland Declaration of Human Rights, and Maryland common law (ECF Nos. 1, 141.) Among these, Mr. Burgess alleged in Count V of the Amended Complaint (ECF No. 141) that the BPD had instituted an unconstitutional practice or policy, as prohibited by *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). On March 23, 2016, this Court bifurcated Count V and stayed discovery pending the outcome of the remaining claims. (ECF No. 68.) Ultimately, as a result of both Orders of this Court and agreements between the parties, only four claims

against one Defendant, Mr. Goldstein, proceeded to the jury. (*See* ECF Nos. 56, 311, 312, 320, 333, 356.) Specifically, the following claims were submitted to the jury:

1. Plaintiff's claim that Defendant Goldstein withheld (a) evidence that Brain Rainey was an exculpatory witness and (b) other exculpatory information provided by the FBI as recited in Plaintiff's Trial Exhibits 121, 122, and 372, in violation of the principles of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963);

2. Plaintiff's due process claim that Defendant Goldstein fabricated a police report;

3. Plaintiff's claim that Defendant Goldstein maliciously prosecuted Plaintiff through the suppression and/or fabrication of evidence other than the gas tank test; and

4. Plaintiff's intentional infliction of emotional distress claim.

(Final Pretrial Order, ECF No. 332; 11/21/2017 Trial Tr. 11, 179.) On November 21, 2017 the jury returned a verdict in Plaintiff's favor on all four claims and awarded Burgess $15,000,000.00. On that date, this Court entered an Order of Judgment memorializing the jury's verdict. (ECF No. 366.) The Order stated that it was to be construed as a Final Judgment within the meaning of Rule 58 of the Federal Rules of Civil Procedure. (*Id.*)

Subsequently, on March 9, 2018, this Court denied Mr. Goldstein's Renewed Motion Under Federal Rule 50 (ECF No. 376) for Judgment as a Matter of Law and his Motion for New Trial and/or to Alter or Amend Judgment Under Federal Rule 59 (ECF Nos. 374, 411). Having disposed of these motions, only Plaintiff's *Monell* claim remained pending before this Court. To facilitate resolution of the claims which proceeded to the jury, this Court stayed the entire case pending the resolution of any and all appellate proceedings related to the jury's verdict of November 21, 2017.

3

On March 29, 2018, Mr. Goldstein appealed from the Judgment to the United States Court of Appeals for the Fourth Circuit. (ECF No. 415.) While the appeal was pending, counsel for Defendant BPD submitted an informal letter to this Court requesting a telephone conference, arguing that the pending *Monell* claim rendered this Court's Judgment unripe for appellate review, and seeking dismissal of the pending *Monell* claim without prejudice. (ECF Nos. 421, 423.) On May 2, 2018, this Court conducted the requested telephone conference. During the conference, this Court expressed concerns about dismissing the *Monell* claim on the force of arguments presented in the parties' letters without "further briefing." (Pl.'s Resp. Ex. A, 5/2/2018 Telephonic Hearing Tr. 21:16-21, ECF No. 430-1.) In a subsequent Letter Order, this Court allotted the parties one week to submit a Joint Motion for Certification under Rule 54(b), including a Joint Proposed Order that would certify the Judgment against Mr. Goldstein as a "final judgment" for purposes of Rule 54(b) in order to mitigate concerns that the pending appeal was not yet ripe for adjudication by the Fourth Circuit. (ECF No. 424.) The Order further specified that, in the absence of such submission, the Court would not exercise its discretion to issue a certification under Rule 54(b). The parties did not submit a proposed Rule 54(b) certification, and this Court did not exercise its discretion to issue such certification.

On April 2, 2019 the Fourth Circuit dismissed Goldstein's appeal, finding that the predicate November 21, 2017 Judgment was not a "final decision" within the meaning of 28 U.S.C. § 1291 because the *Monell* claim asserted in Count V remained pending. (ECF No. 68, *Burgess v. Goldstein*, 18-1352 (4th Cir. April 2, 2019).) In its Opinion, the Fourth Circuit instructed this Court to resolve Count V "as soon as practicable." (*Id.* at 4.) On April 5, 2019,

the Baltimore Police Department filed a Motion to Dismiss Count V. (ECF No. 427.) Heeding the Fourth Circuit's instructions, this Court issued a Letter Order requiring Plaintiff to file a response by April 29, 2019 and indicated that this Court would issue its ruling by the end of May. (ECF No. 428.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 12(b)(6) procedure authorizes the dismissal of a complaint if it fails "to state a claim *upon which relief can be granted.*" Fed. R. Civ. P. 12(b)(6) (emphasis added). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).

Because a plaintiff's cause of action and requested relief are distinct entities, a properly pled cause of action "might nevertheless be dismissed under Rule 12(b)(6) unless it can be determined that judicial relief is available." *Davis v. Passman*, 442 U.S. 228, 244, 99 S. Ct. 2264 (1979); *see also United States v. Stanley*, 483 U.S. 669, 692, 107 S. Ct. 3054 (1987) ("[I]f the plaintiff fails either to plead a cause of action or to demonstrate the damages are appropriate as a matter of law, the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6).") (Brennan, J., dissenting in part). Accordingly, dismissal is warranted when a Plaintiff properly advances a cause of action but lacks a remedy. *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 559 (5th Cir. 1998); *Eastman v. Virginia Polytechnic Inst. & State Univ.*, 939 F.2d 204, 206 (4th Cir. 1991)

5

(recognizing that dismissal is proper on this basis), *overruled on other grounds by Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 831 (4th Cir. 1994).

## ANALYSIS

Defendant BPD seeks dismissal of Count V of the Amended Complaint, Mr. Burgess's sole remaining claim. The BPD argues that dismissal is warranted because the jury has already awarded Mr. Burgess $15,000,000.00 in compensatory damages. Noting that the BPD, through the Mayor and City Council of Baltimore, has agreed to indemnify Mr. Burgess for any judgment and attorney's fees ultimately awarded, it argues that Mr. Burgess has nothing to gain from pursuing this action further. Specifically, the BPD argues that Count V does not state a claim for which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), because Mr. Burgess is already entitled to all the relief he could possibly obtain in this action.

The predicament identified by the BPD is a product of a Supreme Court doctrine, established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978), which holds that local government entities may be liable under § 1983 for constitutional violations perpetuated by individual defendants acting in accordance with the entity's official policy or custom. 436 U.S. at 690-91, 98 S. Ct. 2018. It "is appropriate and often desirable" to bifurcate *Monell* claims from claims asserted against individual officers. *Brown v. Bailey*, RDB-11-1901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012). Using this procedural mechanism, the Court avoids the introduction of evidence at trial which, although relevant to show a broader unconstitutional policy or custom, may nevertheless prejudice individual defendants. *Peprah v. Williams*, GLR-18-990, 2019 WL 224245, at *10 (D. Md. Jan. 15, 2019). This method also preserves judicial resources, "because a plaintiff who cannot establish a constitutional

violation by a municipal officer cannot prevail on a *Monell* claim against a municipality." *Id.* Once the *Monell* claims are bifurcated and stayed, as they were in this case, the Plaintiff's claims against the individual officers proceed while the *Monell* claims are frozen in time.

In some cases, the resolution of the claims against the individual officers warrants dismissal of the bifurcated *Monell* claim pursuant to Rule 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A *Monell* policy or practice claim offers no further relief to a plaintiff who, seeking to recover only money damages, has prevailed on his constitutional claim against individual defendants and obtained a damages award which will be paid by the municipality charged with implementing the unlawful policies or customs. *Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). As the United States Court of Appeals for the Seventh Circuit has observed, "[i]n such cases there is no need for the parties to spend time and money litigating a *Monell* claim." *Id.* Other courts have likewise concluded that there is no need to pursue a *Monell* claim once the plaintiff has obtained all the relief he has requested against the individual defendants. *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1243 (10th Cir. 2010) (affirming district court's dismissal of a *Monell* claim for which only nominal damages were available after jury had awarded compensatory and punitive damages on claims against individual defendant); *George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992) (holding harmless the district court's dismissal of a *Monell* claim for which only nominal damages were available); *Fletcher v. O'Donnell*, 867 F.2d 791, 795 (3d Cir. 1989) (acknowledging that municipality's payment of compensatory damages entered against an individual police officer would render moot the policy or custom claim asserted against the municipality); *Wells v. City*

*of Dayton*, 495 F. Supp. 2d 793, 796 (S.D. Ohio 2006) (observing that there would be "no need" to conduct a second trial on plaintiff's *Monell* claims should the plaintiff prevail against the individual officers who would be indemnified by the municipality).

In this case, Mr. Burgess cannot obtain additional relief from the *Monell* claim. A jury has already awarded him $15,000,000.00 in compensatory damages. These damages will be paid by the Mayor and City Council of Baltimore. Additionally, by obtaining a Judgment in his favor indicating that his constitutional rights had been violated, he has achieved the judicially recognized victory afforded to successful civil rights plaintiffs. *See City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686 (1986) ("[A] civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.").

Finally, Mr. Burgess cannot obtain any equitable relief. His Amended Complaint does not seek an injunction or other such relief but rather only vaguely requests "any other relief this Court deems appropriate." (First Amended Complaint 31, ECF No. 141.) Even construing this language as a request for equitable relief, no such relief is appropriate in this case. The constitutional deprivations at the heart of this litigation took place over twenty-five years ago. No present-day equitable relief can rectify the harms of a quarter century's past. *See Baurle v. Comm'r of Social Security*, 1:18-CV-283 (LEK/ATB), 2018 WL 2172700, at *6 (N.D.N.Y. April 18, 2018) ("[M]ost of the defendants' conduct occurred many years ago, and injunctive relief would not be appropriate. . . .") Moreover, the policies and practices of the BPD are currently being closely scrutinized by this Court and an Independent Monitor appointed pursuant to a Department of Justice Consent Decree. *See* Baltimore City Consent Decree, United States District Court for the District of Maryland, available at

https://www.mdd.uscourts.gov/Baltimore-City-Consent-Decree (last visited on May 30, 2019).

In these respects, this case differs significantly from those which have permitted a *Monell* claim to proceed even after the plaintiff has successfully pursued claims against individual defendants. In those cases, the plaintiff was either able to identify further relief to be obtained from pursuing the *Monell* claim or had not been awarded compensatory damages on claims brought against individual officers. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999) (permitting *Monell* claim to proceed after determining that Plaintiff was able to pursue punitive damages against a defendant); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 319-20 (2d Cir. 1999) (permitting plaintiff to pursue "symbolic vindication" on *Monell* claim after obtaining only nominal and punitive damages on underlying excessive force claim (citation omitted)). Burgess, however, will be receiving all that he can possibly hope to obtain upon the Mayor and City Council of Baltimore's indemnification payment of $15,000,000.00.[2]

Plaintiff contends that the rationale for dismissing his *Monell* claim would vanish should the Fourth Circuit reverse the jury's verdict on his claims against the Defendant Mr. Goldstein. This is simply not true. A municipality cannot be held liable under *Monell* while the individual defendants charged with committing constitutional violations are not, in fact, responsible. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental

---

[2] Plaintiff additionally argues that this case is not moot under the Supreme Court's Article III jurisprudence. *See, e.g., Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016) (holding that an unaccepted offer of Judgment does not render a case moot). Defendant, however, does not seek dismissal on this basis.

9

regulations might have authorized the use of constitutionally excessive force is quite besides the point.") A rare exception applies when the individual officers have violated the plaintiff's rights but successfully asserted a qualified immunity defense, shielding them from liability despite their unconstitutional acts. *Int'l Ground Transp. v. Mayor & City Council of Ocean City, MD*, 475 F.3d 214, 219 (4th Cir. 2007). This exception is not applicable here, as the Defendant has not, and could not, assert a qualified immunity defense to violations of the principles set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). Nor does this case present the rare situation in which an individual's constitutional rights have been violated but there is insufficient evidence to identify the officer responsible for the misconduct. *See, e.g., Robertson v. Prince George's Cty.*, MD, 215 F. Supp. 2d 664, 665-66 (D. Md. 2002) (addressing this possibility, but resolving the case on other grounds). In this case, a jury has identified Mr. Goldstein as the officer responsible and awarded Mr. Burgess a substantial sum of money.

Finally, the evidence presented at trial demonstrates that Mr. Burgess's *Monell* claims lack merit. Plaintiff relies on Mr. Goldstein's trial testimony as evidence that the BPD had an unconstitutional policy or practice of failing to document exculpatory evidence. During his testimony, Mr. Goldstein indicated that he did not feel compelled to "document every little piece of information" he came across in an investigation because, relying on his "training and experience," he could "tell what was important and what was not." (11/14/2017 PM Trial Tr. 55:1-7.) Consistent with these statements, the sum of Mr. Goldstein's testimony is that he made the personal choice to omit information from reports which he deemed unimportant. While this may have been a grave error in judgment, as the jury surely found, there is no evidence that the BPD had instituted or fostered a policy of omitting important evidence from

police reports. Accordingly, even if the *Monell* claim remains valid in some theoretical sense, dismissal is warranted because the evidence does not support the submission of Count V to a jury.[3]

The BPD has not made clear whether it seeks dismissal with or without prejudice. In this case, dismissal with prejudice is warranted. "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009)). Dismissal with prejudice is appropriate where an amendment to the Complaint would be futile. *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The Plaintiff cannot obtain any relief from Count V in this case, and no amendment may correct this defect. Accordingly, Count V of the Amended Complaint (ECF No. 141) is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Remaining *Monell* Claim (ECF No. 427) is GRANTED. Count V of the Amended Complaint (ECF No. 141) is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: May 31, 2019

_____
Richard D. Bennett
United States District Judge

---

[3] Because this Court has dismissed Count V on other grounds, it need not revisit the question of whether the BPD is a state agency immune to *Monell* actions, as Judge Hollander of this Court has recently held. *Whetstone v. Mayor & City Council of Balt.*, ELH-18-738, 2019 WL 1200555, at *11 (D. Md. March 13, 2019) ("In the first instance, the claim against the BPD is not viable under *Monell*, as the BPD has been a State agency, not a local agency, since 1867.").

11