IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABEIN BURGESS, | * | |
| *Plaintiff*, | * | Civil Case No. RDB-15-0834 |
| v. | * | |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | * | |
| | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Sabein Burgess ("Plaintiff" or "Mr. Burgess") filed this lawsuit against the Baltimore Police Department ("BPD") and various individually-named Defendants in their capacity as BPD employees, as well as the Mayor and City Council of Baltimore, alleging various claims under 42 U.S.C. § 1983, Article 24 of the Maryland Declaration of Human Rights, and Maryland common law (ECF Nos. 1, 141.) On November 21, 2017, a jury found in favor of Plaintiff on certain Counts against individually-named Defendant Gerald Goldstein and awarded Plaintiff $15,000,000.00 in compensatory damages. (ECF Nos. 364, 366.) Plaintiff has since filed a Motion for Attorneys' Fees based on his successful jury verdict. (ECF No. 467.)

Months after filing his Motion for Attorneys' Fees, Plaintiff filed a Motion to Cite Supplemental Authority. (ECF No. 475.) That Motion seeks to "bring to the Court's attention supplemental authority bearing on the disputed attorneys' fees issue." *Id.* Specifically, Plaintiff alerts this Court to a matrix used by the United States Attorney's Office for the District of

Columbia in determining and calculating reasonable rates for attorneys with various levels of legal experience. *Id.* Defendant BPD opposes Plaintiff's Motion to Cite Supplemental Authority. (ECF No. 476.) Defendant's Motion to Strike argues that Plaintiff's Motion does not align with the general purpose of a motion to cite supplemental authority as it does not assert or indicate that the cited supplemental authority was unavailable at the time of previous filings. *Id.* at 2. Defendant further contends that the matrix provided by the United States Attorney's Office for the District of Columbia is not applicable here in the District of Maryland. *Id.* at 3.

The Court will GRANT Plaintiff's Motion to Cite Supplemental Authority (ECF No. 475) and will DENY Defendant's Motion to Strike (ECF No. 476). Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike and only permits the striking from a pleading of "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are disfavored and "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Schultz v. Braga*, 290 F. Supp. 2d 637, 654–55 (D. Md. 2003). Given the timeline and complexity of the case, the Court deems it appropriate to consider supplemental authority in adjudicating Plaintiff's Motion for Attorneys' Fees. Importantly, this Court notes and stresses that consideration of Plaintiff's supplemental authority does not render that supplementation binding or even persuasive. Furthermore, even if this Court were to grant Defendant's motion, such order would be futile. *See Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 585 n.4 (D. Md. 2014) ("[g]ranting Defendants' motion to strike would not preclude the court from applying any existing precedent or considering any other authority.").

Accordingly, IT IS, this 26th day of September, 2022, hereby ORDERED:

1) Plaintiff's Motion to Cite Supplemental Authority (ECF No. 475) is GRANTED, and

2) Defendant's Motion to Strike (ECF No. 476) is DENIED.

                                                                                    _____/s/_____
                                                                                    Richard D. Bennett
                                                                                    United States District Judge