**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SABEIN BURGESS, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-15-834 |
| BALTIMORE POLICE | * | |
| DEPARTMENT *et al.*, | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Two motions are presently pending in the above-captioned case: Plaintiff's Petition for Attorneys' Fees and Costs (ECF No. 467)[1] and his Motion for Leave to File Corrected Response (ECF No. 481).[2]  The parties' submissions have been reviewed and no hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the following reasons, Plaintiff's Motion for Leave to File Corrected Response (ECF No. 481) is GRANTED; and Plaintiff's Petition for Attorneys' Fees and Costs (ECF No. 467) is GRANTED IN PART and DENIED IN PART.  Specifically, attorneys' fees and costs are awarded to Plaintiff Sabein Burgess in the amounts of $2,811,158.10 and $180,292.08, respectively.

## BACKGROUND

The background of this case has been discussed previously in several Memorandum

---

[1] For clarity, this Memorandum Opinion cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated.  Likewise, this Memorandum Opinion cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

[2] By separate Order, this Court GRANTS Plaintiff's Motion for Leave to File Corrected Response (ECF No. 481), which Defendants did not oppose.

Opinions of this Court.  (*See* ECF Nos. 55, 311, 413, 434.)  In brief, this case arises out of the investigation, conviction, and subsequent imprisonment of Plaintiff Sabein Burgess ("Plaintiff" or "Burgess") for the October 5, 1994 murder of his girlfriend, Michelle Dyson. After serving nearly twenty years in Maryland state prison, Burgess was released on February 21, 2014 after the Circuit Court for Baltimore City granted Plaintiff's Petition for Writ of Actual Innocence, which the State of Maryland had not opposed.  (ECF No. 401 at 304–06.)

On March 23, 2015, Burgess initiated the instant lawsuit against, *inter alia*, the Baltimore Police Department ("BPD") and various individually-named Defendants in their capacity as BPD employees, alleging various claims under 42 U.S.C. § 1983, Article 24 of the Maryland Declaration of Human Rights, and Maryland common law.  (*See* ECF Nos. 1, 141.)  After extensive discovery and the filing of numerous motions, there was a settlement agreement with some of the individually-named Defendants, and bifurcation of the § 1983 claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) against the BPD. (*See* ECF Nos. 56, 68, 311, 312, 320, 333, 356.)  Four of Burgess's claims against individually-named Defendant Gerald Goldstein ("Goldstein") were tried to a jury.  On November 21, 2017, following a ten-day trial, the jury returned a verdict in favor of Burgess against Goldstein on four counts and awarded Plaintiff $15,000,000.00 in compensatory damages.  (ECF No. 364.)  That same day, this Court issued an Order of Judgment in favor of Burgess and against Goldstein on the jury's verdict.  (ECF No. 366.)

On May 18, 2021, the United States Court of Appeals for the Fourth Circuit affirmed the judgment against Goldstein and this Court's resolution of the case in all respects, except

that it reversed this Court's dismissal of Burgess's *Monell* claims, and remanded those claims for further proceedings to take place upon the BPD's agreed payment of the judgment against Goldstein. *See Burgess v. Goldstein*, 997 F.3d 541 (4th Cir. 2021).

Sometime thereafter, Plaintiff filed the pending Petition for Attorneys' Fees and Costs (ECF No. 467).[3]   Therein, Plaintiff requests $3,384,801.25 in attorneys' fees and $180,292.08 in costs.  (*Id.* at 31.)  Plaintiffs assert that their hourly rates are reasonable, (*id.* at 4–29); that their hours billed on this litigation are reasonable, (*id.* at 29–30); that an upward departure from the lodestar[4] is warranted, (*id.* at 30–31); and that their costs are reasonable, (*id.* at 31). Attached thereto, *inter alia*, are declarations from Plaintiff's attorneys Jon Loevy ("J. Loevy") (ECF No. 467-2), Arthur Loevy ("A. Loevy") (ECF No. 467-3), Gayle Horn ("Horn") (ECF No. 467-4), Steven Art ("Art") (ECF No. 467-5), Theresa Kleinhaus ("Kleinhaus") (ECF No. 467-6), Danielle Hamilton ("Hamilton") (ECF No. 467-7), Tony Balkissoon ("Balkissoon") (ECF No. 467-8), and Sarah Grusin ("Grusin") (ECF No. 467-9); as well as declarations from several Loevy & Loevy paralegals (ECF No. 467-12), Mortimer Smith ("Smith") (ECF No. 467-14), a private investigator ("P.I.") employed by Loevy & Loevy.  There is also a declaration from Andrew D. Freeman ("Freeman") (ECF No. 467-10), a Maryland attorney who did not perform work on the instant case but who attests that judges and arbitrators in Maryland have routinely approved comparable rates for attorneys employed by his firm in civil rights matters.

---

[3]  Plaintiff previously filed a Motion for Attorneys' Fees and Costs (ECF No. 455); however, after Plaintiff filed the renewed Petition on October 30, 2021 (ECF No. 467), this Court entered an Order finding as moot the previously filed Motion for Attorneys' Fees and Costs (ECF No. 455).  (*See* ECF No. 474.)

[4]  The "lodestar" refers to the calculation of reasonable attorneys' fees as the product of the number of hours reasonably expended by each attorney at a reasonable hourly rate.  *See* Local Rule App. B (D. Md. 2023); *Whitaker v. Navy Fed. Credit Union*, No. RDB-09-2288, 2010 WL 3928616, at *4 (D. Md. Oct. 4, 2010) ("The lodestar method requires the multiplication of the number of hours worked by a reasonable hourly rate, the product of which this Court can then adjust by employing a 'multiplier'.").

Finally, the Plaintiff has submitted the United States Attorney's Office Attorney's Fees Matrix for 2015–2021 (ECF No. 467-11); billing sheets for attorneys J. Loevy, A. Loevy, Horn, Art, Kleinhaus, Balkissoon, Grusin, and Hamilton, several Loevy & Loevy paralegals, and Smith (ECF No. 467-13); and expenses towards the case as of October 29, 2021 (ECF No. 467-17).

The Defendants responded in opposition (ECF No. 472).[5]  While Defendants acknowledge that Plaintiff's case was successfully litigated and Plaintiff is entitled to a reasonable fee award, (*id.* at 2–3), Defendants request that the Court deny Plaintiff's request or reduce the award, arguing that Plaintiff's counsel's hourly rates far exceed the "prevailing market rate" for attorneys in this District, encouraging this Court to reduce the rates requested by Plaintiff to be more in line with Local Rule guidelines, (*id.* at 4–9).  Furthermore, the Defendants argue that Plaintiff's "extensive use" of block billing "creates serious questions of accuracy and legitimacy" warranting a ten percent (10%) reduction, (*id.* at 9–11); and that Plaintiff's counsel "engaged in excessive internal conferencing," encouraging this Court to disallow fifteen percent (15%) of the billing related to internal conferencing, (*id.* at 11).  Furthermore, the Defendants assert that Plaintiff's counsel regularly billed in quarter-hour and even-hour increments, resulting in a request for excessive hours, warranting an additional reduction of ten percent (10%), (*id.* at 11–12); and that there is no justification for a 20% lodestar multiplier, (*id.* at 12–14).  Defendants further contend that the "totality of issues surrounding the various billing entries, lack of attestations for some individuals, or

---

[5]  The Defendants Baltimore Police Department and Mayor and City Council of Baltimore (the "City") have aptly noted that while the judgment rendered in this case was awarded solely against Defendant Goldstein, the Defendants BPD and the City, having indemnified the judgment and remitted payment to Plaintiff, are opposing Plaintiff's Petition on behalf of Goldstein and all remaining Defendants in this matter.  (ECF No. 490 at 1 n.1.)

questionable dates in other declarations, raise serious questions as to the accuracy, if not legitimacy, of the asserted fee claim," (*id.* at 14–15); and that Plaintiff has failed to provide the required documentation to support the asserted expenses, and that as a result, this Court should disallow the entirety of the asserted expenses.  (*Id.* at 15–16).  Attached thereto, *inter alia*, is a declaration from James P. Schratz ("Schratz") (ECF No. 472-2), "an attorney at law licensed to practice in the State of California" who is "the principal of Jim Schratz and Associates, a firm that conducts legal fee audits of various firms throughout the country."  (*Id.* at 1–2.)  In short, Schratz recommends Plaintiff's counsel's request for $3,384,801.25 in attorneys' fees be reduced to $1,814,194.06 with no enhancement.  (*Id.* at 36.)

Plaintiff replied (ECF No. 473).  Therein, Plaintiff disputes Defendants' assertions, (*id.* at 2–19), though they agree (1) to reduce the 18 hours billed by A. Loevy to travel to and take the deposition of Defendant Goldstein to 12 hours as the Local Rules prohibit more than two hours of travel time at full billing rate, bringing the fee award requested down by $5,100, (*id.* at 10); and (2) to withdraw the request for 49 hours of billing for Kleinhaus that should not have been included, bringing the fee award requested down by an additional $24,470, (*id.* at 12).  Attached thereto is a supplemental declaration from J. Loevy (ECF No. 473-1), a declaration from Andy Thayer (ECF No. 473-2), Loevy & Loevy's Office Manager responsible for accounting for all case expenses related to this case, and over 400 pages of supporting documents for the expenses (ECF No. 473-3).

During the pendency of the Plaintiff's Petition for Attorneys' Fees and Costs, Plaintiff filed a Motion to Cite Supplemental Authority (ECF No. 475), seeking to bring to this Court's attention the United States Attorney's Office for the District of Columbia, Civil Division's

"Fitzpatrick Matrix," which was attached thereto (ECF No. 475-1).  According to Plaintiff, the Fitzpatrick Matrix "reflects an appropriate hourly rate for attorneys with various levels of legal experience . . . [and] was intended for use by federal courts in assessing 'reasonable rates' in fee-shifting cases in complex federal litigation, including Section 1983 cases."  (ECF No. 475 ¶ 3.)  Plaintiff emphasizes that the "rates deemed presumptively reasonable in the newly-published Fitzpatrick Matrix are largely consistent with the rates sought by Plaintiff's counsel in this case."  (*Id.* ¶ 5.)  While Defendants moved to strike this Motion, (ECF No. 476), this Court granted Plaintiff's Motion to Cite Supplemental Authority (ECF No. 475) and denied Defendants' Motion to Strike (ECF No. 476).  (ECF No. 477.)

Shortly thereafter, the Court held an off-the-record telephone conference with respect to Plaintiff's Petition for Attorneys' Fees and Costs (ECF No. 467), and pursuant to agreement by counsel, this Court stayed the case for forty-five (45) days to provide opportunity for counsel to independently confer and reach a fee agreement.  (ECF No. 478.)  The Court instructed the parties that, at the conclusion of the stay, if an agreement is not reached, Plaintiff shall supplement his Petition for Attorneys' Fees and Costs.  (*Id.*)

And so, after the parties alerted the Court that a settlement agreement was not reached, (ECF No. 479), Plaintiff filed his Court-Ordered Supplemental Filing Regarding Attorneys' Fee Petition (ECF No. 480).  The day after filing that supplement, Plaintiff filed the Motion for Leave to File Corrected Response (ECF No. 481),[6] which remains pending despite being unopposed.  To be sure, Defendants' responsive filing responded to Plaintiff's corrected filing.

---

[6] Plaintiff's Motion for Leave to File Corrected Response indicated that: "Plaintiff discovered a paragraph that was originally in the brief, was inadvertently omitted from the brief filed. . . . This corrected brief changes nothing of substance and none of the arguments."  (ECF No. 481 ¶ 2.)

(*See* ECF No. 482.)  As such, and as noted *supra* in footnote 2, this Court GRANTS the Motion at ECF No. 481 by separate Order.

In Plaintiff's corrected filing (ECF No. 481-1), Plaintiff addressed this Court's concerns raised about the appropriateness of the hourly rates sought, (*id.* at 3–13), and counsel's quarter-hour billing practice, (*id.* at 14–16).  With respect to their hourly rates, Plaintiff's counsel points to the Freeman's declaration, who attested that his firm regularly charges and is paid at rates identical to those proposed for every attorney on Plaintiff's team apart from A. Loevy and J. Loevy.  (*Id.* at 3.)  While this Court expressed a concern about using non-local hourly rates for A. Loevy and J. Loevy for a case in Maryland, Plaintiffs contend that the law on this point supports Plaintiff's position.  (*Id.* at 3–13.)  In brief, Plaintiff emphasizes that the hourly rates for A. Loevy and J. Loevy "are based on [their] unique practice area expertise[] [and] [t]here is no evidence . . . that [Plaintiff] could have obtained alternatives with anything approaching this level of expertise in the local market," (*id.* at 4–7); that the hourly rates sought are "hardly out of line with where the market has gone for the most skilled civil rights attorneys," (*id.* at 7–11); that the rates sought do not constitute an inappropriate windfall, as Loevy & Loevy is a highly effective law firm with zero paying clients, making "it essential that [the firm] recover the full lodestar" when they win, (*id.* at 11–12); and that the Court should award Plaintiff his attorneys' fees at their current market rates, (*id.* at 13).  With respect to this Court's concern over Loevy & Loevy's quarter-hour billing increments, Plaintiff asserts that the law fully supports this practice, that Loevy & Loevy has billed in this way for decades and courts have not had problems with this method, and that Schratz failed to identify a single objectionable entry of quarter-hour billing.  (*Id.* at 14–16.)

Defendants filed their response (ECF No. 482).  In brief, Defendants first assert that Plaintiff has failed to establish the reasonableness of his asserted rates, emphasizing that, in this Circuit, the "'burden rests with the fee applicant to establish the reasonableness of a requested rate,'" (*id.* at 3–4 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)); that Plaintiff's evidence is inadequate to support their asserted rates, (*id.* at 4–6); and that Plaintiff does not assert that no capable local counsel available, (*id.* at 6–9). Defendants further argue that Plaintiff has not justified their use of block billing, (*id.* at 9–10), and that the Court should disregard all billing entries related to one attorney—Grusin—and several paralegals for Plaintiff's alleged failure "to address and correct the issues surrounding the missing or questionable declarations," (*id.* at 10–11).

Shortly thereafter, Plaintiff filed a Motion for Leave to Reply (ECF No. 483), which this Court granted.  (ECF No. 484.)  In their Reply in Support of Supplemental Filing Regarding Attorneys' Fee Petition (ECF No. 485), Plaintiff emphasizes that the limited instances of block billing "came around the preparation for the trial and the trial itself, and these entries do not combine reimbursable with non-reimbursable work," (*id.* at 1–2); that Defendants' objection as to the insufficiency of attestations for certain paralegals and attorney Grusin should be overruled, (*id.* at 3–4); and that Defendants' arguments as to the availability of capable local counsel miss the point, (*id.* at 4–5).

Defendants subsequently moved for leave to file a surreply (ECF No. 486), asserting that a short surreply was "warranted and necessary to clarify the record" to rebut allegedly improper assertions in Plaintiff's reply.  (*Id.* ¶ 11.)  After this Court granted that motion, (ECF No. 487), Defendants filed their surreply.  (ECF No. 488.)  Therein, Defendants request the

Court disregard Plaintiff's Reply (ECF No. 485).

On December 29, 2023, Plaintiff filed a Second Supplemental Motion Regarding Entry of an Award of Attorneys' Fees and Costs (ECF No. 489), requesting that the Court award them attorneys' fees and costs, (*id.* at 2); "inform[ing] the Court that their hourly rates have increased by roughly 5% per year since the Petition was filed two years ago," bringing the fees sought from $3,384,801 to $3,731,743, (*id.* at 7); and "remind[ing] the Court that they also moved for an 'upward departure' from the lodestar of 20% to account for the extraordinary result in the face of Defendants' unwillingness to settle," (*id.* at 10).  In short, Plaintiff's recently filed submission "request[s] that this Court enter an order granting their [] Petition, adjusting it upward from $3,384,801 to $3,731,743 to account for Plaintiff's counsels' updated current hourly rates, and then adjusted to $4,478,091, should the Court be inclined to grant an upward departure based on extraordinary results."  (*Id.* at 11.)

Defendants responded in opposition (ECF No. 490), characterizing Plaintiff's recent filing as "seek[ing] to . . . drastically increase the hourly billing rates of Plaintiff's counsel without attaching a single piece of supporting evidence."  (*Id.* at 1.)  In brief, Defendants argue that Plaintiff fails to provide any support for the requested relief, (*id.* at 2–4); that Plaintiff still has not provided any support for their requested hourly rates, (*id.* at 4–6); that the cases cited in Plaintiff's most recent filing are distinguishable from the instant case or inapplicable, (*id.* at 6–7); and that Plaintiff's inclusion of settlement communications is improper, (*id.* at 7–9).

## STANDARD OF REVIEW

Judge Chasanow of this Court has recently provided an excellent summary of the standards for the award of attorneys' fees in this case.  *Overbey v. Mayor*, No. DKC-17-1793,

2021 U.S. Dist. LEXIS 133973, at *7–9 (D. Md. July 19, 2021).

In 1976, Congress passed the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that a court, within its discretion, may award reasonable attorneys' fees to a prevailing party in any action enforcing 42 U.S.C. § 1983. "The purpose of [Section] 1988 is to ensure effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation marks and citation omitted).

When resolving a motion for attorneys' fees, "[t]he first determination to be made by the district court is whether the plaintiff is a prevailing party. The second determination is whether an award of [attorneys'] fees should be granted to the prevailing party and what amount would be reasonable under the specific circumstances of the case; the district court has significant discretion in determining the amount of a statutory fee award." *Feldman v. Pro Football, Inc.*, 806 F. Supp. 2d 845, 847 (D. Md. 2011) (citing *Hensley*, 461 U.S. at 433, 437).

As the Fourth Circuit explained in *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013), "[t]he proper calculation of an [attorneys'] fee award involves a three-step process. First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In assessing reasonableness, the United States Court of Appeals for the Fourth Circuit has instructed district courts to consider what are known as the *Johnson*[7] factors, which are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys'

---

[7] In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), a Title VII case, the Fifth Circuit listed twelve factors that a federal district court judge must consider in awarding reasonable fees. *Id.* at 717–19.

opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.* at 88 n.5 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). "Next, the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (quoting *Robinson*, 560 F.3d at 244). The Fourth Circuit has noted that a district court's determination of attorneys' fees should stand unless the district court abused its discretion by reaching a decision that is "clearly wrong" or committing an "error of law." *Id.* at 88 (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

## ANALYSIS

As Burgess was the prevailing party in an action involving 42 U.S.C. § 1983, he is entitled to reasonable attorneys' fees and costs. Through Burgess's most recent submission to this Court, he seeks to recover $3,731,743 in attorneys' fees—adjusted to $4,478,091 should the Court be inclined to grant an upward departure based on extraordinary results—as well as $180,292.08 in costs. Defendants concede that Burgess is a prevailing party, but dispute that he is entitled to the amount of attorneys' fees and costs sought.

I.        **Burgess Is Entitled to Attorneys' Fees.**

Defendants acknowledge that Plaintiff's case was successfully litigated and Plaintiff's counsel are entitled to a reasonable fee award.  (ECF No. 472 at 2–3.)  Thus, Burgess is entitled to recover attorneys' fees as a prevailing party under 42 U.S.C. § 1988.  Having concluded that Burgess is entitled to attorneys' fees, this Court must next calculate the proper amount to award.  *See Feldman*, 806 F. Supp. 2d at 847.

### A. Hourly Rates

"To determine a reasonable hourly rate, the lodestar method looks to the prevailing market rates in the community where the court sits."  *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988).  In the District of Maryland, attorneys' fees are presumed in line with those prevailing in the community if they abide by the Guidelines Regarding Hourly Rates contained in Appendix B of the Local Rules.[8]  "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate."  *Robinson*, 560 F.3d at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Burgess was represented in this case by Loevy & Loevy, a Chicago based civil rights firm.  As noted *supra*, Plaintiff requests an attorneys' fee award of $3,731,743 for nearly 6,500 hours worked—adjusted to $4,478,091 should the Court be inclined to grant an upward departure based on extraordinary results.  The Loevy & Loevy team staffed to this matter

---

[8]  The Local Rules provide non-binding guidelines regarding reasonable hourly rates that vary depending on how long an attorney has been admitted to the bar.  *See* Local Rules App. B.3 (D. Md. 2023).  The Local Rules put forth the following guidelines: $150–225 for lawyers admitted to the bar for less than five years; $165–300 for lawyers admitted for five to eight years; $225–350 for lawyers admitted for nine to fourteen years; $275–425 for lawyers admitted for fifteen to nineteen years; and $300–475 for lawyers admitted for twenty years or more.  *Id.*  The rate for paralegals and law clerks is $95–150.  *Id.*

included eight firm attorneys, including four partners, several paralegals, and a private investigator employed by the firm.

The rates requested by Plaintiff's counsel are set forth in the following chart ("Chart 1"), which details Plaintiff's request for attorneys' fees as it was presented to this Court in October 2021, (*see* ECF No. 467 at 5), as well as Plaintiff's request submitted to this Court on December 29, 2023, which requests that this Court increase hourly rates by 5% in 2022 and an additional 5% in 2023. (*See* ECF No. 489 at 7–8.) According to Plaintiff, this increase is appropriate to "[a]ccount[] for the passage of time and the case law providing that fee petitions should be adjudicated based on current rather than historical rates." (*Id.* at 7.)

| Chart 1 | | | | |
|---|---|---|---|---|
| | **Law School Grad. Year** | **Pl.'s Originally Requested Hourly Rate** | **Pl.'s Requested Hourly Rate for 2022** | **Pl.'s Requested Hourly Rate for 2023** |
| **A. Loevy** | 1964 | $850.00 | $892.50 | $937.13 |
| **J. Loevy** | 1993 | $750.00 | $787.50 | $826.88 |
| **Horn** | 2004 | $575.00 | $603.75 | $633.94 |
| **Art** | 2009 | $525.00 | $551.25 | $578.81 |
| **Kleinhaus** | 2010 | $500.00 | $525.00 | $551.25 |
| **Balkissoon** | 2010 | $500.00 | $525.00 | $551.25 |
| **Hamilton** | 2012 | $450.00 | $472.50 | $496.13 |
| **Grusin** | 2014 | $410.00 | $430.50 | $452.03 |
| **Paralegals** | N/A | $150.00 | $157.50 | $165.38 |
| **P.I. M. Smith** | N/A | $160.00 | $168.00 | $176.40 |

(*See* ECF No. 467 at 5; ECF No. 489 at 7–8.)

As detailed in the chart below ("Chart 2"), Defendants contend that this Court should reduce the hourly rates requested by Burgess to be more in line with the rates provided in the Local Rules. (ECF No. 472 at 4–9.)

| Chart 2 | | |
|---|---|---|
| | Law School Grad. Year | Defs.' Recommended Hourly Rate |
| A. Loevy | 1964 | $500.00 |
| J. Loevy | 1993 | $500.00 |
| Horn | 2004 | $450.00 |
| Art | 2009 | $350.00 |
| Kleinhaus | 2010 | $325.00 |
| Balkissoon | 2010 | $325.00 |
| Hamilton | 2012 | $300.00 |
| Grusin | 2014 | $300.00 |
| Paralegals | N/A | $150.00 |
| P.I. M. Smith | N/A | $160.00 |

(*Id.* at 9.)  Defendants' main argument is that "Plaintiff seeks exorbitant rates that far exceed those accepted in this jurisdiction."  (*Id.* at 3.)  Notably, Defendants do not dispute the originally requested hourly rates for Loevy & Loevy's paralegals and private investigator, though they oppose Plaintiff's recent contention that this Court should adjudicate the fee petition based on Loevy & Loevy's current hourly rates for such personnel, as well as for the attorneys.  (ECF No. 492 at 2–4.)

Having considered the parties' submissions, the guidelines set forth in the Local Rules, which this Court recognizes were last updated in 2014, the twelve *Johnson* factors outlined in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and the Fitzpatrick Matrix, this Court finds that some adjustment to the hourly rates is appropriate.  In short, Burgess's wrongful conviction case presented complex civil rights issues, and as evidenced by the result in the instant case, Loevy & Loevy has exceptional experience and has received acclaim representing plaintiffs in such cases.  Plaintiff's counsel took on Burgess's case on a contingency fee basis, which involved significant risk, as the firm invested extensive resources and expended significant time and labor—thousands of hours—without any definite promise of compensation.  Still, while Plaintiff's counsel submitted the declaration of a local attorney who attested that his firm

regularly charges and is paid at rates identical to those proposed for every attorney on Plaintiff's team apart from A. Loevy and J. Loevy and cited to cases where other jurisdictions have awarded rates in line with those requested, this Court does not find Plaintiff's requested hourly rates to be reflective of the hourly rates charged in this District for high-stakes civil rights litigation.

Accordingly, the Court will adjust the hourly rates as detailed in Charts 3 (for attorneys) and 4 (for paralegals and the private investigator). While this Court agrees it is reasonable to increase the attorneys' hourly rates awarded by 5% to account for the passage of time and case law providing that fee petitions should be adjudicated based on current rates, this Court does not find it reasonable to increase the hourly rates to the extent sought in Plaintiff's most recent filing. Moreover, this Court will not adjust the hourly rates for Loevy & Loevy's paralegals or private investigator.

| Chart 3 | | | | | |
|---|---|---|---|---|---|
| | Law School Grad. Year | Pl.'s Requested Hourly Rate for 2023 | Defs.' Recommended Hourly Rate | Court's Reasonable Hourly Rate Finding | Court's Reasonable Hourly Rate Finding +5% |
| A. Loevy | 1964 | $937.13 | $500.00 | $700.00 | $735.00 |
| J. Loevy | 1993 | $826.88 | $500.00 | $650.00 | $682.50 |
| Horn | 2004 | $633.94 | $450.00 | $475.00 | $498.75 |
| Art | 2009 | $578.81 | $350.00 | $425.00 | $446.25 |
| Kleinhaus | 2010 | $551.25 | $325.00 | $400.00 | $420.00 |
| Balkissoon | 2010 | $551.25 | $325.00 | $400.00 | $420.00 |
| Hamilton | 2012 | $496.13 | $300.00 | $350.00 | $367.50 |
| Grusin | 2014 | $452.03 | $300.00 | $310.00 | $325.50 |

| Chart 4 | | | |
|---|---|---|---|
| | Pl.'s Requested Hourly Rate for 2023 | Defs.' Recommended Hourly Rate | Courts's Reasonable Hourly Rate Awarded |
| Paralegals | $165.38 | $150.00 | $150.00 |
| P.I. M. Smith | $176.40 | $160.00 | $160.00 |

**B. Reasonable Hours Worked**

With their Petition for Attorneys' Fees and Costs (ECF No. 467), Loevy & Loevy provided billing sheets for attorneys J. Loevy, A. Loevy, Horn, Art, Kleinhaus, Balkissoon, Grusin, and Hamilton, several Loevy & Loevy paralegals, and Smith (ECF No. 467-13).  The billing sheets submitted for each timekeeper specify the date and time spent working, as well as a brief description of the work.  (*Id.*)  Specifically, counsel asserts that they worked for a total of 6,470.65 hours on this case, though they agree (1) to reduce the 18 hours billed by A. Loevy to travel to and take the deposition of Defendant Goldstein to 12 hours as the Local Rules prohibit more than two hours of travel time at full billing rate, (ECF No. 473 at 10); and (2) to withdraw the request for 49 hours of billing for Kleinhaus that should not have been included, (*id.* at 12).  Defendants argue that significant reductions are warranted, (ECF No. 472), asserting that Plaintiff's "extensive use" of block billing[9] warrants a ten percent (10%) reduction, (*id.* at 9–11); that Plaintiff's excessive internal conferencing warrants a fifteen percent (15%) reduction of the billing related to internal conferencing,[10] (*id.* at 11); that Plaintiff's counsel regularly billed in quarter-hour and even-hour increments, resulting in a request for excessive hours, warranting an additional reduction of ten percent (10%),[11] (*id.* at 11–12); and that the "totality of issues surrounding the various billing entries, lack of attestations for some individuals, or questionable dates in other declarations, raise serious

---

[9] Block billing refers to time entries where an attorney records an overall amount of time for several disparate tasks.
[10] This Court finds nothing objectionable about Plaintiff's counsel's intra-firm conferencing.
[11] In brief, this Court finds nothing objectionable about the billing increments used by some of the timekeepers in this case.  As such, this Court need not address Defendants' argument on this point further.

questions as to the accuracy, if not legitimacy, of the asserted fee claim,"[12] (*id.* at 14–15).  At bottom, the Court concludes that none of these is problematic enough—individually or collectively—to warrant a percentage reduction of the fees claimed by the Loevy firm.  Still, after thorough review of the billing entries, this Court finds it reasonable to reduce some of counsel's block-billed entries.  Specifically, this Court will reduce J. Loevy's hours by 144 hours; Horn's hours by 8.2; Art's hours by 21.25, Balkissoon's hours by 18.27, and Grusin's hours by 1.5 hours as further explained below, in addition to Plaintiff's concessions.

As Judge Hollander of this Court has previously noted, "[i]n general, courts have permitted parties seeking attorneys' fees to use block billing, at least where the entries are reasonably descriptive and the tasks all pertain to the case or claims for which attorneys' fees are sought."  *Md. Elec. Indus. Health Fund v. MESCO, Inc.*, No. ELH-12-505, 2014 U.S. Dist. LEXIS 129262, at *16 (D. Md. Sep. 16, 2014); *see also Westmoreland v. Prince George's Cnty.*, No. 09-CV-2453 AW, 2013 U.S. Dist. LEXIS 175909, at *44 (D. Md. Dec. 16, 2013).  "However, courts have reduced fee awards where counsel used block-billing to record multiple tasks, only a portion of which fell within the scope of reimbursable work."  *MESCO, Inc.*, 2014 U.S. Dist. LEXIS 129262, at *16.

The Court is, with some exceptions, persuaded that the tasks performed by attorneys at the Loevy firm were done reasonably and that the time claimed for these tasks was not unduly excessive.  Exceptions are as follows.

---

[12]  Similarly, this Court finds nothing objectionable about the attestations provided in support of Plaintiff's counsel's billing entries.

First considering J. Loevy, J. Loevy billed 90 hours during the week of October 16, 2017 to October 22, 2017 for "Trial Preparation." (ECF No. 467-13 at 5.) Assuming Mr. Loevy took one day off, this equates to six (6) 15-hour days spent on one case. Similarly, J. Loevy billed 90 hours during the week of October 23, 2017 to October 29, 2017 for "Trial Preparation." (*Id.*) Between October 30, 2017 and November 5, 2017, J. Loevy billed an additional 105 hours to "Trial Preparation." (*Id.*) Assuming Mr. Loevy took one day off, this equates to six (6) 17.5-hour days spent on one case. J. Loevy also billed 105 hours for the week of November 6, 2017 to November 12, 2017—the first week of trial—and 100 hours for the week of November 13, 2017 to November 19, 2017—the second week of trial. (*Id.*) The Court finds it reasonable to adjust J. Loevy's billing entries between October 16, 2017 to November 19, 2017 to reflect that J. Loevy worked for six (6) days per week for no longer than twelve (12) hours per day, resulting in a reduction of 130 hours.

Similarly, between January 21, 2019 to January 28, 2019, J. Loevy billed 44 hours towards preparing for oral argument before the Fourth Circuit. (*Id.* at 8.) The Court finds it reasonable to reduce J. Loevy's billing entries between January 21, 2019 to January 28, 2019 to reflect that J. Loevy worked for 30 hours towards oral argument preparation, resulting in an additional reduction of 14 hours. As such, this Court reduces J. Loevy's hours by a total of 144 hours.

Turning to Horn's billing entries, this Court finds it reasonable to reduce two October 2017 entries. On October 8, 2017, Horn billed 14.2 hours towards "[d]raf[ing] [summary judgment] brief, including incorporate[ing] and edit[ing] brief and find[ing] fact and legal cites missing from brief," in addition to billing one (1) hour for "[e]mails with team re:

[summary judgment] brief." (*Id.* at 36.)  This Court will reduce her October 8, 2017 billing entry of 14.2 hours to 12 hours, for a reduction of 2.2 hours.  Similarly, on October 9, 2017, Horn billed 18 hours towards "edit[ing] and finaliz[ing] brief." (*Id.*)  This Court will reduce her October 9, 2017 billing entry to 12 hours, for an additional reduction of 6 hours.  As such, this Court reduces Horn's hours by a total of 8.2 hours.

Turning to Art's billing entries, this Court finds it reasonable to reduce two billing entries from October 2016 and three billing entries from October 2017.  On October 31, 2016 and November 1, 2016, Art billed 15.75 hours and 18 hours, respectively, for, *inter alia*, preparing for and attending Defendant Goldstein's deposition.  (*Id.* at 52.)  This Court will reduce Art's billing entries for both days to 12 hours, for a reduction of 9.75 hours.

On October 8, 2017 and October 9, 2017, Art billed 16.25 hours and 15.75 hours, respectively, for "research[ing] and drafting [] summary judgment brief." (*Id.* at 57.)  Several other billing entries in October 2017 reflect several of hours of work towards the same brief. (*See id.*)  This Court finds it reasonable to reduce Art's billing entries for October 8, 2017 and October 9, 2017 to 12 hours, for an additional reduction of 8 hours.

Lastly, on October 19, 2017, Art billed 15.5 hours for "[d]raft[ing] and edit[ing] [motions in limine]; confer with team about [motions in limine] and other trial matters." (*Id.* at 58.)  This Court finds it reasonable to reduce Art's billing entry for October 19, 2017 to 12 hours, for an additional reduction of 3.5 hours.  As such, this Court reduces Art's hours by a total of 21.25 hours.

Considering Balkissoon's billing entries, this Court finds it reasonable to reduce several of Balkissoon's entries for time during the November 2017 trial.  Specifically, this Court will

reduce each of the following entries to 12 hours per entry: the entry for "14:39:46" on November 7, 2017; the entry for "14:51:15" on November 13, 2017; the entry for "18:57:40" on November 14, 2017; the entry for "13:22:27" on November 15, 2017; and the entry for "17:56:08" on November 20, 2017. (*Id.* at 88–89.) In total, the Court reduces Balkissoon's billing entries by 18.27 hours.

With respect to Grusin's billing entries, this Court finds it reasonable to only reduce one entry. On May 5, 2016, Grusin billed 13.5 hours for a "[m]eeting with Brian Rainey," a key witness. (*Id.* at 92.) This Court will reduce this entry to 12 hours, for a reduction of 1.5 hours.

The Court's adjustments to the attorneys' hours are detailed in Chart 5. Hours awarded for paralegals and private investigator—which are not seriously disputed—are detailed in Chart 6.

| Chart 5 | | | | |
|---|---|---|---|---|
| | Pl.'s Reported Hours | Pl.'s Subtracted Hours | Court Subtracted Hours | Court's Reasonable Hours Awarded |
| A. Loevy | 43.5 | -6 | 0 | 37.5 |
| J. Loevy | 1284 | 0 | -144 | 1140 |
| Horn | 1474 | 0 | -8.2 | 1465.8 |
| Art | 911.45 | 0 | -21.25 | 890.2 |
| Kleinhaus | 798.9 | -49 | 0 | 749.9 |
| Balkissoon | 813.2 | 0 | -18.27 | 794.93 |
| Hamilton | 105.5 | 0 | 0 | 105.5 |
| Grusin | 179 | 0 | -1.5 | 177.5 |

| Chart 6 | | |
|---|---|---|
| | Pl.'s Reported Hours | Court's Reasonable Hours Awarded |
| Paralegals | 592.6 | 592.6 |
| Smith | 268.5 | 268.5 |

### C. Adjustments to the Lodestar

The Court finds the following rates and hours are reasonable and create the lodestar for the Plaintiff's fee application.

| Chart 7 | | | |
|---|---|---|---|
| | Court's Reasonable Hours Awarded | Court's Reasonable Hourly Rate Awarded +5% | Total |
| A. Loevy | 37.5 | $735.00 | $27,562.50 |
| J. Loevy | 1140 | $682.50 | $778,050.00 |
| Horn | 1465.8 | $498.75 | $731,067.75 |
| Art | 890.2 | $446.25 | $397,251.75 |
| Kleinhaus | 749.9 | $420.00 | $314,958.00 |
| Balkissoon | 794.93 | $420.00 | $333,870.60 |
| Hamilton | 105.5 | $367.50 | $38,771.25 |
| Grusin | 177.5 | $325.50 | $57,776.25 |
| | | Total | $2,679,308.10 |
| | Court's Reasonable Hours Awarded | Court's Reasonable Hourly Rate Awarded | Total |
| Paralegals | 592.6 | $150.00 | $88,890.00 |
| Smith | 268.5 | $160.00 | $42,960.00 |
| | | Total | $131,850.00 |
| | | Total Fees | $2,811,158.10 |

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434. Plaintiff contends that the Court should award a 20% multiplier to account for the

extraordinary result in the face of the Defendants' unwillingness to settle.  (ECF No. 467 at 28–29.)  Simply stated, this Court believes its determination of the lodestar is sufficient without further adjustment.  The Court awards $2,811,158.10 in attorneys' fees to Plaintiff's counsel.

## II.    Plaintiff is entitled to costs.

Plaintiff also requests reimbursement of $180,292.08 in litigation costs.  A prevailing party is entitled to reasonable litigation expenses under Section 1988.  *Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986).  As Judge Chasanow previously noted in *Overbey*, "[c]osts that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'"  2021 U.S. Dist. LEXIS 133973, at *34 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)).  The costs sought are reasonable and will be awarded in the full amount requested—$180,292.08.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Corrected Response (ECF No. 481) is GRANTED; and Plaintiff's Petition for Attorneys' Fees and Costs (ECF No. 467) is GRANTED IN PART and DENIED IN PART.  Specifically, attorneys' fees and costs are awarded to Plaintiff in the amounts of $2,811,158.10 and $180,292.08, respectively.

A separate Order follows.


Date: April 25, 2024                                    /s/
                                                    Richard D. Bennett
                                                    United States Senior District Judge